(December 24, 1920.)

EFFIE HOLT, Respondent, v. LEE WARF, Appellant.

[194 Pac. 475.]

CHANGE OF VENUE—DEMAND—MOTION.

A district court is without power to order a change of place of trial, of its own motion, on the ground that the county designated in the complaint is not the proper county.

For cases discussing right to change of venue, see note in 74 **Am. Dec.** 241.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action for damages for seduction. Order denying motion for change of venue. *Affirmed.*

W. G. Bissell, Chas. T. Cotant and W. C. Loofbourrow, for Appellant.

The only purpose of a notice of motion is to bring the opposite party into court at the time of the presentation of the motion, and where the opposite party actually comes into court and participates in the argument of the motion when made, he thereby waives the requirement for notice of motion. (*Herman v. Santee,* 103 Cal. 519, 42 Am. St. 145, 37 Pac. 509.)

W. H. Witty, for Respondent.

The trial court committed no error in denying the demand of the defendant for a change of place of trial. It could not do otherwise and follow the express provisions of secs. 6665 and 6666, Compiled Statutes. (*Bohn v. Bohn,* 164 Cal. 532, 129 Pac. 981.)

MORGAN, C. J.—This action was commenced by respondent in Bannock county. Appellant filed a demurrer to the complaint, a notice of demand and demand for change of place of trial to Power county, and an affidavit of merits wherein it was stated he was, and for three years immediately preceding the signing thereof had been, a *bona fide* resident of the last-named county. This is an appeal from an order denying the demand.

Appellant relies on C. S., sec. 6664, wherein it is provided that, in a class of cases of which this is one, the action must be tried in the county in which the defendant resides at the time of its commencement.

Sec. 6665 is as follows: "If the county in which the action is commenced is not the proper county for the trial thereof,

the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

Sec. 6666 provides: "The court or judge must, on motion, when it appears by affidavit or other satisfactory proof, change the place of trial in the following cases: 1. When the county designated in the complaint is not the proper county. . . . . "

Appellant did not file a motion for a change of venue, and if one was made orally the record does not contain any mention of it.

Kerr's California Code of Civil Procedure, sec. 396, is identical with our sec. 6665, and sec. 397 thereof provides that the court may, on motion, change the place of trial when the county designated in the complaint is not the proper county, being, so far as the question involved in this case is concerned, practically the same as our sec. 6666.

The supreme court of California, in *Bohn v. Bohn,* 164 Cal. 532, 129 Pac. 981, having under consideration the above-mentioned sections of the code of that state, said: "The demand and affidavit which are required to be filed under section 396 are not addressed to the court, nor do they of themselves, by virtue of such filing, call for or require any action by the court. They advise the plaintiff that the right of transfer shall be insisted on, and their service and filing are the initial steps required to be taken as between the parties to secure that transfer. The filing of the demand and affidavit do not operate *ipso facto* to change the place of trial. They have no such force. The change can only be effected through an order of the court, after its judicial action has been invoked by bringing the matter on for hearing, where the right of the defendant to the transfer can be contested by the plaintiff. The court must be applied to for an order of transfer. Such application is a motion (sec. 1003, Code Civ. Proc.); and under section 397, *supra,* a motion for the change must be made, in addition to the

demand and affidavit, as one of the necessary steps in the procedure to obtain the order of transfer.''

The demand mentioned in C. S., sec. 6665, is not the equivalent of the motion mentioned in sec. 6666. Authority to change the place of trial is to be found in, and is limited by, the latter section. The court was without power to change the venue of its own motion, and, none having been made by appellant, the order complained of was not erroneous, and is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.