376 P.2d 501

Stephen BISTLINE, Plaintiff-Respondent,

v.

J. L. EBERLE, Individually, T. H. Eberle, Individually, W. D. Eberle, Individually, and J. L. Eberle, T. H. Eberle, and W. D. Eberle, as a partnership doing business under the firm name and style of Richards, Haga and Eberle; The Title Insurance Company in Idaho, an Idaho Corporation; Sophy Whitman, Defendants-Appellants.

No. 9097.

Supreme Court of Idaho.

Oct. 19, 1962.

Rehearing Denied Dec. 14, 1962.

Richards, Haga & Eberle, Boise, for appellants.

Stephen Bistline, Sandpoint, for respondent.

McQUADE, Justice.

This action for libel was commenced January 13, 1960, in the District Court of Bonner County, alleging the acts complained of were committed in January of 1958. The three Eberles, defendants, and by them on behalf of their partnership made motions to dismiss, supported by an affidavit, upon the ground of improper venue, and to quash service of summons upon such dismissal.

Ruling on these motions the trial judge ordered the case transferred to Ada County, the county designated in the defendants' affidavit, as being the situs of their residence.

This appeal is taken from the order. for change of venue. Other parties have not been served with process.

Error is assigned to the ruling of the trial court in treating the motion to dismiss as a motion for change of venue. Error is also assigned to failure of the trial court to rule upon defendants objection to the order.

It was said in Holt v. Warf, 33 Idaho 350, 194 P. 475, that a change of venue can only be affected through an order of the court, after its judicial action has been invoked by bringing the matter on for hearing where the right of the defendant can be contested by the plaintiff; that proper motion must be made to the court for change of venue;

and that the court is without power to change the venue on its own motion.

■ The trial court erred in treating the motion to dismiss as a motion to change venue.

Defendants complain that the trial court did not rule upon their motion to dismiss the action. The defendants base their motion upon I.R.C.P. § 12(b) (3) which is as follows:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * (3) improper venue, * * *."

■ The appendix to the Rules of Civil Procedure contains several forms, one of which is number 15. This form contains various grounds for dismissal of an action, including that for dismissal on the ground of improper venue. This form is a guide and does not establish a substantive right.

Rule 12(b) (3) was adopted in the same language as the Federal rules of civil procedure. However, there are certain statutes which pertain to this rule in application under the federal practice which are not controlling in this state. In Idaho I.C. § 5–405 must be applied:

"5–405. Improper venue—Proceedings.—If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

■ This action may be properly tried in the county wherein the defendants reside in accord with I.C. § 5–404. On the other hand the defendants may waive their right to have the action tried in the county of their residence. Finnell v. Finnell, 59 Idaho 148, 81 P.2d 401.

I.C. § 5–405 is the only statute relating to improper venue of cases in the district courts. Dismissal of actions is dealt with in I.C. § 10–705:

"An action may be dismissed, * * in the following cases:

."1. By the plaintiff himself, at any time before trial * * *.

"2. By either party upon written consent of the other.

"3. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.

"4. By the court, when, upon the trial, and before the plaintiff rests his case in chief, the plaintiff abandons it.

"5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case to entitle him to verdict or judgment."

Involuntary dismissal of an action is provided for in Rule 41(b), I.R.C.P.

"Rule 41(b). * * * For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for lack of an indispensable party, operates as an adjudication upon the merits."

Attention is invited to Goldlawr, Inc., v. Marcus Heiman et al., 1962, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed. 39.

There is no authorization by rule or statute in Idaho for a trial court to dismiss an action on the ground of improper venue.

The trial court should have denied the motion to dismiss.

The entry of the order complained of is error, said order is vacated and the cause is remanded for further proceedings.

Costs to appellants.

SMITH, C. J., and TAYLOR, KNUDSON and McFADDEN, JJ., concur.

## ON PETITION FOR REHEARING

McQUADE, Justice.

■ Appellants petition for rehearing urges that I.R.C.P. 12(b) (3) is basis for a motion to dismiss an action for improper venue. This particular provision of the rule does not authorize dismissal of an action, but permits the exercise of a defense by motion. Form 15 of the Approved Forms does set forth language for dismissal of an action for improper venue, however, this form is neither a rule nor substantive law and confers no substantive right to a dismissal.

The petition for rehearing is denied.

SMITH, C. J., and TAYLOR, KNUDSON and McFADDEN, JJ., concur.