Argued December 20, 1978, affirmed January 29, 1979

BEARDS, *Respondent,*
*v.*
DAILEY et al, *Appellants,*
DAILEY, *Defendant.*
(TC A 77 06 08071, CA 11279)

589 P2d 1207

Robert L. McKee, Portland, argued the cause and filed the briefs for appellants.

William Aitchison, of Franklin, Bennett, Ofelt & Jolles, P.C., Portland, argued the cause for respondent. On the brief was Larry N. Sokol, of Franklin, Bennett, Ofelt & Jolles, P.C., Portland.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges, and Tongue, Judge Pro Tempore.

TONGUE, J., Pro Tempore.

**TONGUE, J.,** Pro Tempore.

Defendants appeal from an order denying their motion to set aside an order of default and judgment entered against them.

While recognizing that relief from the entry of a default judgment is within the discretion of the trial court, defendants contend that such discretion must be exercised in such a manner as not to defeat the ends of substantial justice. Defendants then recite facts to support their contention that it was unjust to enter a judgment against them. Defendants seek to excuse their failure to engage a lawyer to enter an appearance on their behalf when served with plaintiff's complaint and summons and thus to show that the default judgment was entered against them through "mistake, inadvertence, surprise or excusable neglect" within the meaning of ORS 18.160.

■ Regardless of the sufficiency of that showing, however, it is well established that a defendant seeking relief under ORS 18.160 from a default judgment must not only show that the judgment was entered against him through "mistake, inadvertence, surprise or excusable neglect," but must also show that he acted with reasonable diligence after knowledge of the default judgment. Inexcusable delay in doing so will preclude him from relief. *St. Arnold v. Star Expansion Ind.,* 268 Or 640, 646, 521 P2d 526, 522 P2d 477 (1974); *Rogue Valley Mem. Hosp. v. Salem Ins.,* 265 Or 603, 609, 510 P2d 845 (1973); *Koukal v. Coy et ux,* 219 Or 414, 419, 347 P2d 602 (1959); *Reeder v. Reeder,* 191 Or 598, 601, 232 P2d 78 (1951), and *Steeves v. Steeves,* 139 Or 261, 265, 9 P2d 815 (1932).

■ It appears from the record in this case that the order of default and judgment for $9,500 was entered on December 14, 1977, and that defendants did not file a motion to set aside that judgment until March 20, 1978. It also appears from the affidavit of plaintiff's attorney in opposition to that motion that in addition to a telephone conversation with one of the defendants

after the service of the complaint and summons and prior to the entry of judgment, a letter was mailed to each of these two defendants at their separate addresses on December 28, 1977, informing them of the entry of that judgment.

Defendants filed no affidavit denying the receipt of these letters or alleging any facts to show that they acted with reasonable diligence after knowledge of the default judgment or to show that the delay until March 20, 1978, in the filing of their motion to set aside that judgment was an excusable delay. On this record, we cannot say that the trial court abused its discretion in denying that motion.

The judgment of the trial court is affirmed.