730 P.2d 1035

Tawna CLARK, Plaintiff-Respondent,

v.

D. Lynn ATWOOD, Defendant-Appellant.

No. 16503.

Court of Appeals of Idaho.

Dec. 17, 1986.

Reginald R. Reeves, Denman & Reeves, Idaho Falls, for defendant-appellant.

Bart M. Davis, Weinpel, Woolf, Just, Combo & Davis, Idaho Falls, for plaintiff-respondent.

## PER CURIAM.

This appeal comes to us from a decision of the district court which upheld a magistrate's order denying a motion to set aside a default judgment. The sole issue presented is whether the motion should have been granted. We affirm the district court's decision.

In 1977 the parties were divorced by a decree entered in the magistrate division of the district court for Fremont County. The decree directed Lynn Atwood to make payments on a promissory note and to pay monthly child support to his ex-wife, Tawna Clark. On February 16, 1984, Clark filed a complaint in Bonneville County, alleging that Atwood had defaulted on the note and was delinquent on the child support obligation. The complaint sought a money judgment for arrearages. Atwood failed to answer the complaint within 20 days as required by I.R.C.P. 12(a). The clerk entered Atwood's default on March 27. Judgment was entered on April 5.

On April 16, Atwood made his first appearance in this action. He was represented by an attorney other than his present counsel on appeal. He filed motions to set aside the default judgment and to change venue from Bonneville County to Fremont County. However, he did not request hearings, nor did he furnish notice of any hearings, on these motions. Eventually, Clark asked the court for a ruling. The motions were argued before the magistrate on July 29, 1985, some fifteen months after they had been filed. Both motions were denied. On appeal the district court affirmed. Atwood appealed again, bringing the case before us.

At the outset, we note that Atwood has continued to challenge venue under I.C. § 5–404. Although improper venue might be an appropriate issue in a direct appeal, it affords no basis to attack a judgment collaterally. Improper venue does not deprive a court of jurisdiction where service has been properly made. *Bistline v. Eberle*, 85 Idaho 167, 376 P.2d 501 (1962); *Finnell v. Finnell*, 59 Idaho 148, 81 P.2d 401 (1938); *see also Rudd v. Rudd*, 105 Idaho 112, 666 P.2d 639 (1983). Atwood has made no claim that he was improperly served. Therefore, he has established no jurisdictional defect in the judgment.

Of course, Atwood would be entitled to a determination of proper venue if the judgment were set aside on other grounds. Atwood appears to contend that the judgment should be vacated due to excusable neglect under I.R.C.P. 60(b)(1). The decision whether to grant a motion to set aside a default judgment under Rule 60(b)(1) is committed to the discretion of the trial court. Such decisions will not be disturbed on appeal absent an abuse of discretion. *Hearst Corporation v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979); *Sysco Intermountain Food Service v. City of Twin Falls*, 109 Idaho 88, 705 P.2d 548 (Ct.App.1985).

The requirements for setting aside a default judgment are twofold. First, the moving party must satisfy at least one of the criteria of Rule 60(b)(1); second, he must plead facts which, if established, would constitute a meritorious defense to the action. *Johnson v. Pioneer Title Co.*, 104 Idaho 727, 662 P.2d 1171 (Ct.App.1983). In this case we need not consider the question of a meritorious defense. Rule 60(b)(1) is dispositive.

If a trial judge, when ruling on a Rule 60(b)(1) motion, makes findings of fact that are not clearly erroneous, applies the proper criteria under the rule to those facts, and reaches a decision that follows logically from application of such criteria to the facts found, then the judge will be deemed to have acted within his sound discretion. *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct.App. 1983). Accordingly, trial judges are strongly encouraged to make findings and to state their reasons when ruling on motions to set aside default judgments. Unfortunately, they occasionally fail to do so. Where, as here, a trial judge makes no findings and states no reasons, the appellate court must form its own impressions from the record and must exercise its own discretion in deciding whether the default judgment should have been set aside. *Johnson v. Pioneer Title Co., supra.*

■ To obtain relief from a default judgment on the ground of excusable neglect, the moving party must demonstrate that his conduct was of a type expected from a reasonably prudent person under the circumstances. *Gro-Mor, Inc. v. Butts*, 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985). The requirement of reasonable prudence extends not only to a party's initial response upon being served process but also to his subsequent efforts to get the default judgment set aside. He must exhibit reasonable diligence in seeking post-judgment relief. *E.g., Hirsch v. National Van Lines, Inc.*, 136 Ariz. 304, 666 P.2d 49 (1983); *Hotel Last Frontier Corporation v. Frontier Properties, Inc.*, 79 Nev. 150, 380 P.2d 293 (1963); *Beards v. Dailey*, 38

Or.App. 309, 589 P.2d 1207 (1979); *White v. Holm*, 73 Wash.2d 348, 438 P.2d 581 (1968). As our Supreme Court said in *Stoner v. Turner*, 73 Idaho 117, 121, 247 P.2d 469, 471 (1952), it must appear "that the defaulting party is not guilty of indifference or unreasonable delay ... [and that he has acted] promptly and diligently in seeking relief...."

■ Here, as noted by the district court in its appellate decision, Atwood allowed his motion for relief to languish more than a year without a hearing. This extraordinary and unexplained delay reflects an indifference that is fatal to a claim of excusable neglect under Rule 60(b)(1). Therefore, we hold that the motion for relief from the judgment was properly denied. The district court's decision upholding the magistrate's order is affirmed. Costs (exclusive of attorney fees, which have not been requested) to respondent.