757 P.2d 1244

**Wayne O. BALDWIN, Plaintiff–Appellant,**

v.

**Garth BALDWIN, individually, and the Seasons Development Corporation, an Idaho corporation, Defendants–Respondents.**

**No. 16563.**

Court of Appeals of Idaho.

July 7, 1988.

---

Vernon K. Smith, Boise, for plaintiff-appellant.

Garth Baldwin, pro se.

SWANSTROM, Judge.

Wayne Baldwin appeals from an order of the district court setting aside a default judgment entered against his brother, Garth Baldwin. The order was appealable when made, although shortly thereafter I.A.R. 11 was amended to eliminate the right to appeal from an order *setting aside* a default judgment. The issue here is whether the district court abused its discretion in setting aside the default judgment on the ground of excusable neglect. We affirm.

Wayne and Garth Baldwin formed The Seasons Development Corporation for the purpose of developing real property in Garden Valley, Idaho. Wayne was the on-site property manager and was to receive a monthly salary for this service. Stagnant economic conditions, however, stalled the development program. Acrimonious feelings arose between the Baldwin brothers, resulting in this lawsuit. Wayne filed a complaint against the corporation alleging an entitlement to salary earned but not paid. The complaint was later amended to add Garth individually as a defendant.

Garth was served with a summons on the amended complaint on January 14, 1986. Nine days later, Wayne initiated bankruptcy proceedings in behalf of the corporation. Garth was informed by his attorney, after consultation with other attorneys, that the bankruptcy matter would stay all proceedings in this action and that the stay in essence prohibited him from responding to the amended complaint. The district court noted, significantly, that statements by Wayne's attorney may have contributed to this overly broad view of the scope of the stay. Moreover, although disputed, it is alleged that Wayne's attorney represented that Wayne would not proceed in this action while the bankruptcy matter was pending. Consequently, Garth did not file an answer to the amended complaint. On February 19, 1986, Wayne moved, ex parte, for entry of default against Garth. The clerk's "Default" was entered on February 21 without notice to Garth. Five weeks later Wayne applied, again ex parte, for entry of a default judgment. Judgment by default was entered on March 28. On April 9, Garth moved to set aside the default and the judgment on the ground of excusable neglect. Garth's motion was ultimately granted and this appeal followed.

■ The decision whether to grant a motion to set aside a default judgment, pursuant to Rule 55(c) and Rule 60(b), I.R.C.P., is committed to the sound discretion of the trial court. Such a decision will not be disturbed on appeal absent an abuse of discretion. *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App. 1983). In *Avondale* we said that a district court must examine each case in light of the unique facts and circumstances presented. Here, the district court followed the guidelines of *Avondale,* finding facts and applying applicable law to those facts, in an eight-page memorandum opinion.

When we review, on appeal, the trial court's application of law to the facts found, we will consider whether appropriate criteria were applied and whether the result is one that logically follows. Thus, if (a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found, then the court will be deemed to have acted within its sound discretion. Its decision will not be overturned on appeal. *Avondale,* 104 Idaho at 326, 658 P.2d at 997.

■ The requirements for setting aside a default judgment are two-fold: first, the moving party must satisfy at least one of the criteria of Rule 60(b)(1); second, he must allege facts which, if established, would constitute a meritorious defense to the action. *Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979); *Johnson v. Pioneer Title Co.,* 104 Idaho 727, 662 P.2d 1171 (Ct.App.1983).

■ To obtain relief from a default judgment on the ground of excusable neglect, the moving party must demonstrate that his conduct was of a type expected from a reasonably prudent person under the circumstances. *Gro–Mor, Inc. v. Butts,* 109 Idaho 1020, 712 P.2d 721 (Ct. App.1985). In determining whether a party's conduct constitutes excusable neglect, the courts must consider each case in light of its unique facts. *Avondale on Hayden, Inc. v. Hall, supra.*

■ Garth was informed, mistakenly, that he should not file an answer because

**528**

of the bankruptcy matter. Wayne's attorney may have contributed to Garth's assumption that an answer should not be filed. It is quite clear that Garth was ready to proceed in defending against this suit if he was not interdicted by the bankruptcy. The district court found that this was a doubtful case, partly due to the possible involvement of Wayne's attorney in contributing to Garth's conduct. Relief is favored in doubtful cases. *Avondale on Hayden, Inc. v. Hall, supra.* Moreover, Garth was reasonably diligent in his effort to set aside the default judgment, once he learned of it. This diligence is a requirement in demonstrating reasonably prudent conduct. *See Clark v. Atwood,* 112 Idaho 115, 730 P.2d 1035 (Ct.App.1986). Under the facts of this case, we believe that Garth's conduct was of a type expected by a reasonably prudent person. As before noted, Garth must also show a meritorious defense. Factual details must be shown with particularity. *Hearst Corp. v. Keller, supra.*

Wayne's claim for compensation from the corporation, and from Garth personally, rests on a section in the parties' agreement for incorporation. Garth's defense is that the corporation is solely liable to Wayne. Garth has set forth by affidavits and documents the grounds for his defense. From our review of the record, Garth has demonstrated with particularity facts which, if established, would constitute a meritorious defense.

The district judge's reasons for granting the motion to set aside follow logically from application of proper criteria to the facts, favoring relief in this doubtful case. Accordingly, we hold that the judge acted within his discretion.

The order of the district court setting aside the default judgment is affirmed. Costs to respondent, Garth Baldwin. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.