785 P.2d 682

**DEUTZ–ALLIS CREDIT CORPORATION, formerly known as Allis–Chalmers Credit Corporation, Plaintiff–Respondent,**

v.

**Terry M. SMITH doing business as Autumn Burst Ranch, Defendant–Appellant.**

No. 17909.

Court of Appeals of Idaho.

Jan. 8, 1990.

James D. Williams, Boise, for defendant-appellant.

James Spinner and Robert Williams of Green, Service, Gasser & Kerl, Pocatello, for plaintiff-respondent. James Spinner, Pocatello, argued.

WALTERS, Chief Judge.

Terry Smith appeals an order of the district court for Caribou County denying his motion to set aside a default judgment entered in favor of the respondent, Deutz–Allis Credit Corporation. On appeal, Smith contends that the court abused its discretion by failing to grant him relief from the default judgment. For the reasons explained below, we reverse the district court's order denying Smith's motion and remand this case for further proceedings.

The relevant facts of this case are as follows. Deutz–Allis filed a complaint on August 17, 1987, against Smith seeking collection of a debt for the sale of farm equipment—a combine. The complaint alleged that Smith purchased the equipment from a retail sales distributor who later assigned the contract to Deutz–Allis. Count I of the complaint alleged that Smith breached the contract by failing to make timely payments. Count Two alleged collusion between the distributor and Smith in order to fraudulently induce Deutz–Allis to finance the sale.

Approximately a month after the complaint was filed, Smith's attorney—James Williams—filed a notice of appearance but otherwise did not file a responsive pleading. On November 3, Deutz–Allis filed a "notice of intent to take default" with the district court. The notice—pursuant to I.R.C.P. 55(b)(2)—demanded that an answer be filed within ten days, otherwise application would be made for entry of default and for entry of judgment. Smith's attorney, Williams, admits receiving this notice. Subsequently, the parties entered negotiations with the understanding that Deutz–Allis would not proceed to seek a default judgment without giving Smith further notice. Counsel for Deutz–Allis represents that on December 2 he sent a letter to Williams notifying him that, absent an agreeable settlement offer, Deutz–Allis intended to obtain a default judgment against Smith. Williams denies receiving this letter. Shortly thereafter, on December 18, Deutz–Allis filed an "application for entry of clerk's default" and obtained a clerk's default that same day.

The district court subsequently entered default judgment against Smith on December 29. Smith was notified of entry of the default judgment several days later. However, the record indicates that the parties again made attempts to reach a settlement during January, 1988. Negotiations stalled and Williams, on Smith's behalf, eventually filed a motion to set aside the default judgment on June 24, 1988, along with a proposed answer and counterclaim. Smith's motion was supported by Williams' affida-

vit detailing his actions in this case both prior to, and after, entry of the default judgment. The district court denied the motion, concluding that the almost six-month delay between the entry of default judgment and the filing of the motion to set aside the default judgment was unreasonably long under the circumstances. The court further held that the proposed answer and counterclaim were not pled with enough particularity to be considered a meritorious defense. This appeal followed.

■ We begin by noting the standard of review. The decision whether to grant a motion to set aside a default judgment is committed to the sound discretion of the trial court; absent an abuse of discretion the court's decision will not be disturbed on appeal. *Baldwin v. Baldwin*, 114 Idaho 525, 527, 757 P.2d 1244, 1246 (Ct.App.1988); *see* I.R.C.P. 60(b). The requirements for setting aside a default judgment are twofold: first, the moving party must satisfy at least one of the criteria of Rule 60(b); second, generally the party must allege facts which, if established, would constitute a meritorious defense to the action. *Id.*, 114 Idaho at 527, 757 P.2d at 1246. Furthermore, the moving party must file the motion to set aside the judgment within a "reasonable" time. I.R.C.P. 60(b).

■ However, a court's usual discretionary authority to grant or deny such a motion may be greatly narrowed where certain procedural safeguards were not strictly complied with in obtaining the judgment. In cases where a party has appeared in the action, default judgment must be taken pursuant to I.R.C.P. 55(b)(2). *Radioear Corp. v. Crouse*, 97 Idaho 501, 547 P.2d 546 (1976). Under this rule, "the party against whom judgment by default is sought ... shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application."[1] Entry of a default judgment without the requisite three-day notice of application for the judgment renders the judgment voidable. *See Radioear*

*Corp. v. Crouse, supra;* I.R.C.P. 60(b)(1), (3), (6).

■ In the present case it is apparent from the record that, through his attorney's appearance in this matter, Smith was entitled to a notice of Deutz–Allis' application to seek a default judgment pursuant to Rule 55(b)(2). Deutz–Allis' "application for entry of clerk's default" was filed with the district court the same day that the corporation sought and obtained a clerk's default. That application did not provide Smith with the requisite three-day period within which to respond prior to a hearing on obtaining a judgment. Without allotting Smith the required time period, Deutz–Allis denied Smith the opportunity of contesting entry of a default judgment against him, a right to which the nonmoving party is entitled under this rule. We deem this to be a substantial defect which, under the circumstances, renders the default judgment voidable. In reaching our conclusion, we are unpersuaded that Deutz–Allis' earlier "notice of intent to take default" properly apprised Smith of the corporation's intent to seek a default judgment, or that it provided Smith with the required three-day time period in which to respond to the application. Our reading of this document suggests that it was prepared by Deutz–Allis *in anticipation* of requesting a default judgment and did not, in anyway, suggest that such proceedings were then pending. Simply put, Smith never received the notice required under Rule 55(b)(2) before judgment was obtained against him.

■ Furthermore we conclude, without deciding, that even if Deutz–Allis had provided Smith with proper notice of its intent to seek a default judgment under Rule 55(b)(2), Smith was entitled to relief from the judgment under Rule 60(b)(1). The record indicates that after Smith's attorney received Deutz–Allis' notice of intent to take default judgment in November, 1987, the parties entered into negotiations to settle the claim, with an understanding that Deutz–Allis would not proceed with its intent to seek default judgment without giv-

1. A slightly different process exists under I.R.C.P. 11(b)(3) where a party has appeared through counsel and counsel later withdraws from representation of that party. *See e.g., Ro-* *dell v. Nelson,* 113 Idaho 945, 750 P.2d 966 (Ct.App.1988). Here, counsel for Smith did not withdraw from the case.

ing Smith further notice. Although the parties disagree whether Smith ever received such notice, Deutz–Allis proceeded with its application for default judgment in December, 1987, but without providing Smith with an opportunity to respond pursuant to I.R.C.P. 55(b)(2). Nonetheless, the parties resumed negotiations to settle the claim in January, 1988, and these negotiations continued until May, 1988, when Deutz–Allis expressed its intention to rely on the judgment. Smith then proceeded with his motion to set aside the judgment and to seek affirmative relief by counterclaiming, inter alia, that Deutz–Allis had failed to mitigate its claim against him by not disposing of the collateral in a commercially reasonable manner.

From these facts, we conclude that the district court abused its discretion in denying Smith's motion to set aside the judgment. It is apparent from the record that Deutz–Allis' dealings with Smith during negotiations were at least partially intended to seek a default judgment while limiting Smith's opportunity to challenge its claims. In this regard, Smith's contention that Deutz–Allis obtained its default judgment through surprise is well-taken. Furthermore, Smith provided the district court with at least one meritorious claim for setting aside the default judgment by asserting that Deutz–Allis had failed to dispose of the collateral in a commercially reasonable manner. Lastly, Smith raised his claim within a reasonable time period after ascertaining that Deutz–Allis did not wish to negotiate a settlement, and within the time period prescribed by Rule 60(b)—a reasonable time period not to exceed six months.

In summary, we reverse the district court's order denying Smith's motion to set aside the default judgment and remand this case for further proceedings. Costs to appellant. No attorney fees on appeal.

SWANSTROM, J., and BENGTSON, J., Pro Tem., concur.