816 P.2d 1012

**In The Matter of the ESTATE OF Hildegarde AHNER, Deceased.**

**Janice LEAZURE, Appellant–
Respondent On Appeal,**

v.

**Rose MORGANROTH, Personal Representative of the Estate of Hildegarde Ahner, Respondent–Appellant On Appeal.**

**No. 18780.**

Court of Appeals of Idaho.

Sept. 4, 1991.

Gregory Fitzmaurice, Grangeville, for appellant-respondent on appeal.

Wilfrid W. Longeteig, Craigmont, for respondent-appellant on appeal.

PER CURIAM.

Rose Morganroth filed a petition to probate the holographic will of the decedent, Hildegarde Ahner. Janice Leazure, a niece of the decedent, objected to the petition on various grounds. A jury trial was scheduled. When neither Leazure nor her attorney appeared for trial, the magistrate admitted the will to probate and appointed Morganroth as the personal representative of the estate. Leazure moved to set aside the order under I.R.C.P. 60(b) on the grounds of excusable neglect. The magistrate denied the motion.

Leazure then appealed to the district court. The district court reversed the magistrate's order and remanded the case for a jury trial. Morganroth now appeals from that decision, arguing that the district court should have upheld the magistrate's order. The sole issue presented is whether the magistrate abused his discretion in denying the Rule 60(b) motion. For reasons explained below, we hold that he did and we affirm the district court's appellate decision.

Hildegarde Ahner died in Idaho on August 12, 1988, while staying at the home of Rose Morganroth, a friend of forty years. Four days later, Morganroth filed a petition to probate a holographic will allegedly written by the deceased on August 9, three days before her death. The will left the bulk of the estate—primarily consisting of property in California—to Morganroth. Notice of the petition was mailed to the decedent's heirs, and a hearing was scheduled for September 21.

Leazure appeared at the hearing, through counsel, W.W. Longeteig, and objected to the probate of the will on the following grounds: the deceased was not a resident of Idaho, the will was not authentic, lack of testamentary capacity, fraud and undue influence. Leazure requested a jury trial. In response, Morganroth's counsel, James Schoenhut, asked that the trial begin within thirty days. Longeteig expressed doubts about the feasibility of such a time schedule in light of the need to conduct discovery. However, in reliance upon assurances that Longeteig's discovery

request would be answered within three days of receipt by Schoenhut, the magistrate scheduled a jury trial for October 19, 1988. The court requested the parties to file any discovery requests within one week from September 21.

On October 4, 1988, one week after the time directed by the court, Longeteig mailed interrogatories and a request for the production of documents to Schoenhut. On the day Schoenhut was to produce the documents, October 12, Longeteig telephoned Schoenhut. Schoenhut stated that he had received the discovery request, but that he was not aware of the October 12 production date because he had not yet read the material. During the conversation, Schoenhut was informed that the matter could not be prepared for trial without compliance with the discovery requests. Schoenhut told Longeteig that he would send copies of the documents immediately. Two days later, on October 14, 1988, some, but not all, of the documents arrived. The interrogatories were never answered.

With less than one week before trial, Longeteig contacted the magistrate by telephone and explained to him that his discovery request had not been fully complied with by Schoenhut. Longeteig requested a continuance due to Schoenhut's failure to comply. The magistrate responded by cancelling the jury. On October 19, 1988, the day of the scheduled trial, Charles Hay appeared as counsel for Morganroth. Schoenhut was also present, but only as a witness. Neither Leazure nor Longeteig attended the hearing because Longeteig assumed that a continuance had been orally granted by the magistrate. The magistrate, on the other hand, was under the impression that Longeteig would be getting back to him with a formal motion for a continuance or a stipulated motion for a continuance. No such motion was filed by Longeteig; nor did Longeteig contact Schoenhut personally about the continuance.

When Hay and Schoenhut arrived on the morning of October 19 expecting a trial, the magistrate contacted Longeteig by telephone in Lewiston, Idaho, to find out why he was not in court. After responding,

Longeteig again asked for a continuance based on Schoenhut's failure to comply with discovery. The magistrate denied the request and proceeded with a bench trial in Longeteig's absence. On October 27, the magistrate entered an order admitting the holographic will of Hildegarde Ahner to probate and appointing Rose Morganroth the personal representative of the estate. Based on the magistrate's order, ancillary proceedings were commenced in California.

On November 10, Longeteig and Leazure's California counsel were informed of the results of the October 19 trial. On November 14, Longeteig filed a document entitled "Motions for New Trial, Amendment of Judgment And/Or Relief From Judgment" citing I.R.C.P. 59(a), (e) and 60(b). Leazure's motion to set aside the order was based on grounds of "inadvertence" and "excusable neglect." The motions were not accompanied by a supporting affidavit and did not contain a certificate of mailing. Longeteig did not notice the motions for a hearing until April 7, 1989. At the hearing on April 20, Longeteig submitted a supporting affidavit. All motions were denied. The magistrate denied the Rule 60(b) motion because he believed that no showing of excusable neglect had been made. The magistrate also concluded that Leazure did not have a meritorious defense to the action. Leazure appealed to the district court, which reversed the magistrate's ruling on the Rule 60(b) motion, holding that Longeteig's actions were the result of excusable neglect and that Leazure had a meritorious defense to the action. This appeal followed, raising the question whether the magistrate's refusal to grant the motion was an abuse of discretion.

Preliminarily, we note that the parties have treated Leazure's motion as one to set aside a default judgment. Because neither party challenges this characterization of the order, we will treat this Rule 60(b) motion as a motion to set aside a default judgment. There are two requirements for setting aside a default judgment. First, at least one of the criteria of Rule 60(b)(1) must be satisfied by the moving party; second, the moving party must present

facts which, if established, would constitute a meritorious defense to the action. *Clark v. Atwood,* 112 Idaho 115, 730 P.2d 1035 (Ct.App.1986).

■ The decision whether to set aside a default judgment on the grounds of excusable neglect is left to the sound discretion of the trial court. "Such decisions will not be disturbed on appeal absent an abuse of discretion." *Id.* at 116, 730 P.2d at 1036. If the trial court makes findings of fact that are not clearly erroneous, applies the proper criteria to the facts found, and the court's decision follows logically from the application of such criteria to the facts found, then the court will be deemed to have acted within the bounds of its discretion. *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983).

■ Because the district court heard this case as an appellate court, it was required to determine whether there was substantial evidence to support the magistrate's findings of fact. *Hentges v. Hentges,* 115 Idaho 192, 765 P.2d 1094 (Ct.App.1988). If the magistrate's findings of fact are not clearly erroneous or, in other words, the findings are supported by substantial evidence, then the district court may not substitute its view for that of the trial court. *Ortiz v. Dept. of Health & Welfare,* 113 Idaho 682, 747 P.2d 91 (Ct.App.1987). As an appellate court, we are bound by the same standard of review as the district court, when a subsequent appeal is taken to this Court. *Hentges v. Hentges, supra.* In addition, we review the magistrate's order independently from, but with due regard for, the district court's decision. *Id.*

■ In the present case, Morganroth contends that the district court erred by failing to give deference to the findings of the magistrate and by substituting its own findings for those of the trial court. Specifically, Morganroth objects to the district court's finding that Longeteig believed and had reason to believe that a continuance had been granted. Morganroth argues that it was error for the district court to ignore the magistrate's finding that Leazure was expected to present the magistrate with a formal motion for a continu-

ance or with a stipulated motion for a continuance to postpone the scheduled trial.

Here, the magistrate's finding of fact of whether a continuance had been granted is clearly erroneous because the finding is not supported by any evidence in the record. The magistrate's belief that Longeteig would be filing a formal motion for a continuance to postpone the trial was based on his recollection of a telephone call which he had with Longeteig one week before the scheduled trial. Because the substance of this telephone conversation is not part of the record, we are not required to give any deference to this finding on appeal.

■ Morganroth also objects to the district court's finding that Longeteig had discussed with Schoenhut the possibility of a continuance. Morganroth argues that the district court should have given deference to the magistrate's finding that there was no evidence that Longeteig ever discussed a continuance with counsel for Morganroth. The record, however, clearly shows that Longeteig spoke with Schoenhut on October 12, at least briefly, about the need to obtain a continuance if Schoenhut had not complied with discovery requests. Because the magistrate's finding on this point is not supported by substantial evidence, we believe the district court did not err in holding otherwise.

■ We now turn to the heart of the question: whether the magistrate abused his discretion in denying Leazure's request for relief from the judgment on the grounds of excusable neglect. To prevail, Leazure must show that her conduct was of a type expected from a reasonably prudent person under the circumstances. *Baldwin v. Baldwin,* 114 Idaho 525, 757 P.2d 1244 (Ct.App.1988). This determination is made by considering each case in light of its own unique facts. *Id.*

We conclude that it was reasonable for Longeteig to assume that the trial would be postponed after the magistrate said that he would "call off" the jury one week before the scheduled trial. Because Leazure did not waive her right to a jury trial, Longeteig could reasonably believe that the

trial would not be conducted without a jury. If Longeteig reasonably believed that the trial had been called off, there was no need for him to file a formal motion for a continuance with the magistrate. Therefore, we hold that Longeteig's failure to appear at trial amounted to excusable neglect. *See Ellingsworth v. Chrysler,* 665 F.2d 180 (7th Cir.1981); *Torres v. S.S. Pierce Co.,* 471 F.2d 473 (9th Cir.1973). We do not suggest, however, that Longeteig's failure to notify Schoenhut of the result of his ex parte contact with the magistrate was reasonable.

■ We also note that Longeteig could have been more diligent in bringing this case on for hearing. Longeteig filed his Rule 60(b) motion to set aside the order on November 14, but waited until April 7, 1989, to notice the matter for a hearing on April 20, a delay of over five months.

We have held that a party must exhibit reasonable diligence in seeking post-judgment relief. *Clark v. Atwood, supra.* An unexplained delay is fatal to a claim of excusable neglect when the motion for relief was allowed to languish more than a year without a hearing. *Id.* This case is distinguishable from *Clark* in that the delay in setting the hearing was significantly less. In addition, Morganroth has not demonstrated to us that she was prejudiced by the delay. *Stoner v. Turner,* 73 Idaho 117, 247 P.2d 469 (1952). Assuming that Morganroth did not receive notice of the motion on November 14, 1988, she still had actual notice of the motion in late December, when Attorney Hay obtained a copy of the motion from the clerk of the court.

In his affidavit opposing the motion to set aside the magistrate's order, Hay argued that the motion should not be granted because it would prejudice his client to have the matter reopened at this late date. Hay pointed out that since January, 1989, substantial time and effort had been expended by Morganroth and her attorney in probating the estate in California. For example, the real estate had to be sold, money owed to the estate had to be collected, bills had to be paid, and potential creditors of the estate had to be notified by publica-

tion. In addition, Hay argued that the entire proceedings in California would have to be reopened because California had relied upon the Idaho order in admitting the holographic will to probate.

However, despite the considerable time and inconvenience that Morganroth may have incurred in the ancillary probate proceedings in California, we cannot say that Morganroth has been prejudiced by the delay in setting the motion for a hearing. Morganroth had actual notice of the motion no later than December of 1988. Had the administrative burdens of probating the estate in California been prejudicial to Morganroth, she could have set the motion for a hearing at any time. She chose not to do so. Therefore, we hold that the delay does not preclude a finding of excusable neglect. This finding is in accordance with the long established rule that relief should be granted in doubtful cases. *Baldwin v. Baldwin, supra.*

■ Having determined that the five-month delay was not fatal to Leazure's motion, we now turn to the second prong of the two-part test. To set aside a default judgment, Leazure must show that she has a meritorious defense to the action. We believe that Leazure has met her burden in this respect. Leazure was prepared to offer evidence showing that the decedent was not a resident of Idaho and had no intention of changing her domicile from California to Idaho. Leazure contends that the decedent's holographic residency can be shown by her actions in leaving voluminous personal property behind in California, including a pet cat and house plants, not changing her mailing address, and telling her intentions to others.

Moreover, Leazure believes that she can discredit two statements which were allegedly made by the deceased in her holographic will. The scrivener of the earlier will executed in California can testify that the will was in fact dictated by the decedent, thus rendering the decedent's holographic statement to the contrary false. Leazure also points out that the decedent did not purchase and pay for the California house, a fact which, if true, directly contra-

dicts a statement made by the deceased in the holographic will. Assuming these two statements are found to be false, questions concerning undue influence, incapacity, and the authenticity of the holographic will are brought into dispute, despite findings to the contrary by the magistrate.

Furthermore, because Schoenhut failed to comply with discovery, Leazure was unable to obtain additional evidence which might have been helpful to her defense, such as handwriting exemplars and medical records. Based on the above proffered evidence, we hold that Leazure has raised a meritorious defense to this action.

The decision of the district court is affirmed. We remand this case to the trial court for a jury trial. Costs awarded to respondent. No attorney fees awarded to either party on appeal.