754 P.2d 458

James Roger Lee HOOVER,
Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 16929.

Court of Appeals of Idaho.

May 4, 1988.

James Roger Lee Hoover, pro se.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for respondent.

SWANSTROM, Judge.

James Hoover appeals from the district court's summary dismissal of his petition for post-conviction relief. The issues are whether Hoover's petition raised genuine issues of material fact preventing summary dismissal, and whether the district court followed proper procedure in dismissing the petition. We affirm.

On the advice of counsel, Hoover pled guilty to grand theft and two counts of petit theft. He was sentenced to the custody of the State Board of Correction for an indeterminate ten-year term for the grand theft and for two concurrent one-year terms for the two petit thefts. He petitioned for post-conviction relief, declaring that his plea of guilty had not been knowingly entered because his counsel inadequately advised him of the intent element required for the crime of theft.

The state filed a motion to dismiss Hoover's petition on the ground that no genuine issue of fact was raised concerning the assistance of his counsel. The district court appointed a public defender to advocate Hoover's position through the post-conviction proceedings. Following a hear-

ing on the state's motion, and the presentation of briefs by both sides, the district court issued its order dismissing Hoover's petition. The court concluded from a review of the criminal record that Hoover was adequately informed of the intent element required for theft. Thus, the validity of Hoover's plea was not affected.

■ When reviewing a summary disposition of a petition for post-conviction relief, we independently review the record to determine whether a genuine question of material fact exists, and whether the moving party is entitled to judgment as a matter of law. *See, e.g., Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982).

■ Ordinarily, a plea of guilty—made knowingly, voluntarily and intelligently—may not be withdrawn after sentencing. We look to the whole record to determine whether it is manifestly unjust to preclude the defendant from withdrawing his plea. I.C.R. 33(c). Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that he was denied the effective assistance of counsel. *State v. Simons*, 112 Idaho 254, 731 P.2d 797 (Ct. App.1987).

■ The transcript of the hearing where Hoover pled guilty shows the following. The court followed the requirements of I.C. R. 11(c) in accepting Hoover's plea. Hoover was advised by the court of the requisite element of intent for grand theft. Hoover acknowledged the intent element and admitted that he had the intent to deprive the owner of his property. Hoover did indicate doubt concerning his guilt as to the petit thefts but elected to plead guilty to gain the benefit of plea negotiations.

Even were we to assume counsel's performance was deficient, Hoover has not presented facts showing how he was prejudiced thereby. On the contrary, the facts reveal Hoover possessed the necessary knowledge and intelligence for entering a plea of guilty. Consequently, Hoover has not proven a manifest injustice requiring the withdrawal of his guilty plea. We conclude that no material issues of fact exist concerning this question, and that the state is entitled to judgment as a matter of law.

■ This raises the issue whether the district court proceeded properly in dismissing Hoover's petition. Hoover maintains that the court was required to give him a twenty-day notice of intent to dismiss and that the court was required to conduct an evidentiary hearing.

Under Section 19–4906 of the Idaho Uniform Post–Conviction Procedure Act a court may summarily dismiss an application upon motion, when no question of fact exists and the moving party is entitled to judgment as a matter of law. An evidentiary hearing is not required where no factual issue exists. *Drapeau v. State, supra;* I.C. § 19–4906(c). Further, when the court dismisses a post-conviction relief petition upon the grounds asserted in the state's motion, it is not required to serve notice of intent to dismiss under I.C. § 19–4906(b). *Baruth v. Gardner*, 110 Idaho 156, 715 P.2d 369 (Ct.App.1986).

The district court dismissed Hoover's petition upon the grounds asserted in the state's motion. The state's motion served as sufficient notice to Hoover. Moreover, through his appointed counsel, Hoover had the opportunity to challenge the motion to dismiss. The court conducted a hearing to receive counsel's argument on the merits of the state's motion. The court also received briefing by both parties. We fail to see any error in the court's proceedings.

Accordingly, the order dismissing the petition for post-conviction relief is affirmed.

WALTERS, C.J., and BURNETT, J., concur.