850 P.2d 198

**Jeffery Dean MORRIS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 19534.

Court of Appeals of Idaho.

Jan. 28, 1993.

Petition for Review Denied May 3, 1993.

Alan E. Trimming, Ada County Public Defender, Deborah A. Whipple, Deputy Public Defender (argued), for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Robert R. Gates, Deputy Atty. Gen. (argued), for respondent.

SWANSTROM, Judge.

This is an appeal by Jeffery Dean Morris from the denial of his petition for a writ of habeas corpus. In ruling on the merits of the petition, the magistrate concluded that Morris had failed to meet his burden to show that he was entitled to habeas corpus relief. The magistrate also concluded that the petition should have been one for post-conviction relief under the Uniform Post–Conviction Procedures Act (UPCPA), based on the relief being sought, but the filing date was beyond the five-year statutory limit of the Act. *See* I.C. § 19–4902. Morris appealed the magistrate's dismissal order to the district court, which affirmed. Morris now appeals from the district court's appellate decision and order. We affirm.

■ On appeal from a decision of the district court sitting in its appellate capacity reviewing a final judgment from the magistrate division, we review the record of the magistrate independently of the decision of the district court. *State v. Kenner*, 121 Idaho 594, 826 P.2d 1306 (1992); *State v. Hardman*, 120 Idaho 667, 818 P.2d 782 (Ct.App.1991). Our focus, therefore, is directed to the bases for dismissal of Morris's petition outlined in the magistrate's decision and order of June 4, 1991.

The magistrate conducted a hearing on the petition for a writ of habeas corpus filed by Morris in Ada County that requested specific performance of the plea agreement in which Morris had agreed to plead guilty to aggravated battery and escape in exchange for dismissal of the charges of battery with intent to commit a serious felony, assault with intent to commit a serious felony, two counts of possession of a firearm during commission of a crime, and felony escape. In his petition, Morris had also requested, as alternative relief, that he be allowed to withdraw his guilty plea in regard to these 1984 offenses. Morris's guilty plea and subsequent conviction had been entered in Jerome County.

Attached to Morris's petition was a copy of the amended judgment of conviction entered following the guilty plea. Pursuant to the amended judgment, Morris was sentenced to the custody of the Board of Correction for a term not to exceed fifteen years for the crime of aggravated battery on a police officer, with an enhancement of fifteen additional years, for a total indeterminate sentence of thirty years. He was also sentenced to an indeterminate term of five years for his crime of escape. These sentences, which were to be served concurrently, were not directly appealed. As a

result, any application for post-conviction relief had to be filed within five years "from the expiration of the time for appeal." Morris filed no application whatsoever for post-conviction relief within the time prescribed by I.C. § 19–4902.

Approximately six and one-half years after the judgment of conviction in his case, Morris attempted to raise issues concerning the validity of his guilty plea and a breach of the plea agreement in his "Petition for Writ of Habeas Corpus."[1] Acknowledging that the statutory time within which to seek relief under the UPCPA had passed, Morris argued that his claims for relief should be considered pursuant to his habeas corpus petition.

The magistrate observed that the "appropriate remedy" for the claims raised by Morris would be under the UPCPA, whose relief in this case was time barred. The magistrate then went on to consider the merits of Morris's petition for a writ of habeas corpus and examined the transcripts submitted by Morris of the preliminary hearing and of the plea and sentencing hearings. He determined that these records did not support Morris's allegations, and he ruled that Morris's guilty pleas were entered intelligently and voluntarily. Accordingly, he dismissed Morris's petition.

In his appeal to the district court, Morris asked that court to hold that the magistrate erred in ruling that his plea had been entered intelligently and voluntarily. As noted herein, the district court refused to address this issue, holding that it was without jurisdiction to do so. In this present appeal to us, Morris has not asked us to review the issue, nor has he supplied us with the record to do so. He presents only two issues in this appeal.

■ The first issue is a challenge to the constitutionality of I.C. § 19–4902 and the five-year time limit prescribed therein for post-conviction procedures. This issue, however, was not raised by Morris in his pro se appeal from the magistrate division to the district court. When a second appeal is taken, appellant generally may not raise issues in the higher court different from those presented in the intermediate court. *Desfosses v. Desfosses*, 120 Idaho 354, 815 P.2d 1094 (Ct.App.1991); *Centers v. Yehezkely*, 109 Idaho 216, 706 P.2d 105 (Ct.App.1985). Our Supreme Court has specifically held that this rule applies to an assertion of the unconstitutionality of a statute, where the issue was not raised or developed at an earlier stage of the appeal proceedings or at the trial court level. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 541, 797 P.2d 1385, 1389 (1990). Therefore, we will not address this first issue.

Morris's second issue arises from the magistrate's observation or conclusion, in which the district court concurred, that Morris's remedy should have been pursued under the UPCPA, but that this avenue is now time barred. Morris contends that the lower courts were wrong on the timeliness issue.[2]

1. In November, 1990, a magistrate in Jerome County entered an order dismissing Morris's first petition for a writ of habeas corpus. Because Morris was incarcerated in Ada County, the magistrate ruled that the jurisdiction to hear Morris's habeas petition would lie in Ada County. Relying on the title of the petition as a habeas corpus petition, without evaluating whether the relief sought was in fact a proper subject for a writ of habeas corpus, the magistrate dismissed the petition. Morris did not appeal the dismissal, but subsequently refiled his petition in Ada County. Only the disposition of this second petition is before us in this appeal.

2. In its opinion affirming the magistrate's decision, the district court noted that: (1) the petitioner's challenge to the voluntariness of his guilty pleas fell squarely within the area of the law covered by the UPCPA; (2) such a challenge should have been brought under the UPCPA in Jerome County where the conviction was entered; and (3) the petitioner's challenge was time barred. We agree with these conclusions. However, we are unsure of what the district judge meant when he stated that he would not render an opinion on the merits of the petitioner's case because he did not have "jurisdiction" to hear the case. He then ordered the appeal dismissed but affirmed the decision of the magistrate. Of course, as an intermediate appellate court presiding over an appeal from the magistrate division, the district court clearly had jurisdiction over this proceeding. *See* I.R.C.P. 83(a); 83(u). The district court's "dismissal" of the appeal on the jurisdictional grounds stated was therefore not an appropriate remedy; however,

■ Morris argues that even if his petition must be treated as one for relief under the UPCPA, it was timely under I.C. § 19–4902, because he first suffered injury when, after having served five years of his sentence, he learned that he was not eligible for parole. He cites as authority civil tort cases holding that statutes of limitation do not begin to run until "some damage" occurs to the injured party. He contends that under the plea as he understood it, he would have been eligible for parole after serving five years of his fifteen year sentence for aggravated battery.[3] He characterizes the denial of his parole eligibility as a breach of the plea agreement, an act which he could not have complained about within the UPCPA time limitations, making his petition timely.

In *Housley v. State*, 119 Idaho 885, 888, 811 P.2d 495, 498 (Ct.App.1991), we observed that it might be appropriate in some cases to apply a "discovery exception" to the five-year limitation period set by I.C. § 19–4902. *See, e.g., Stuart v. State*, 118 Idaho 932, 801 P.2d 1283 (1990). However, in the present case, in arguments to the Ada County magistrate, Morris conceded that the five-year limitation period barred him from seeking any relief under the UPCPA. He did not contend, either to the magistrate or to the district court, that a "discovery exception" ought to be applied in his case *if* his petition were treated as one for post-conviction relief. He makes this argument for the first time in the appeal to us without a record which supports his argument or preserves the issue on appeal.

■ Morris has alleged therefore that his plea was not voluntary and his conviction and sentence were invalid. The remedy for such a challenge after the time for appeal has passed is the UPCPA. I.C.

§ 19–4901(b). Once it is determined that allegations would, if proven to be true, entitle a petitioner to relief under I.C. § 19–4901, the matter must proceed in the county where the conviction was entered. I.C. § 19–4902; *compare Hays v. State*, 113 Idaho 736, 741, 747 P.2d 758, 763 (Ct. App.1987) (holding that allegation in post-conviction petition raising issue proper for habeas corpus could be explored in county where the mistreatment was occurring rather than in the county where the conviction had taken place). Because Morris failed to assert his claims through an application for relief under the UPCPA in Jerome County, instead of habeas corpus in Ada County, his petition was properly denied. *Still v. State*, 95 Idaho 766, 768, 519 P.2d 435, 437 (1974). Additionally, the untimeliness of Morris's petition was a bar to having the matter treated as though it were a petition under the UPCPA and transferred to Jerome County for disposition on the merits.

Accordingly, we affirm the dismissal orders of the magistrate and of the district court, but upon the correct ground. *Foremost Ins. Co. v. Putzier*, 102 Idaho 138, 144, 627 P.2d 317, 323 (1981); *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct.App.1984).

WALTERS, C.J., and SILAK, J., concur.

---

that determination is of no consequence in light of the court's declaration to also affirm the magistrate's decision.

**3.** As noted earlier, Morris was sentenced to fifteen years, with a fifteen year enhancement on the aggravated battery conviction. Morris was sentenced in July, 1984, before the enactment of the Unified Sentencing Act. At the time he committed these crimes and was sentenced, I.C.

§ 20–223 provided that a defendant serving a sentence of thirty years shall be eligible for release on parole only after he had served at least ten years and no person serving a lesser sentence for any of the crimes specified in the statute shall be eligible for release on parole until he had served a period of five years or one-third of the sentence, whichever is the least.