864 P.2d 659

**David W. YON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 20184.**

Court of Appeals of Idaho.

Nov. 18, 1993.

Petition for Review Denied Jan. 10, 1994.

Vrable & Jackson, Hayden, for petitioner-appellant. Michael J. Vrable, argued.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson, argued.

PERRY, Judge.

David W. Yon was found guilty by a jury of second degree murder and sentenced to an indeterminate term of twenty years. This Court affirmed the conviction and sentence in a direct appeal. *State v. Yon*, 115 Idaho 907, 771 P.2d 925 (Ct.App.1989). Yon filed an application for post-conviction relief, alleging ineffective assistance of counsel and that the jury instructions, when given in their entirety, constituted fundamental error. On the state's motion, the district court dismissed Yon's application. Yon appeals the dismissal of his application. For the reasons stated below, we affirm.

### I.

We first note that an application for post-conviction relief under I.C. § 19–4901 is a special proceeding, civil in nature, and is an entirely new proceeding, distinct from the criminal action which led to the conviction. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Nellsch v. State*, 122 Idaho 426, 430, 835 P.2d 661, 665 (Ct.App.1992). In a post-conviction proceeding brought under this section, the burden is on the applicant to establish grounds for relief by a preponderance of the evidence. *Odom v. State*, 121 Idaho 625, 626, 826 P.2d 1337, 1338 (Ct.App.1992). When reviewing a summary disposition of an application for post-conviction relief, we independently review the record to determine whether a genuine question of material fact exists, and whether the moving party is entitled to judgment as a matter of law. *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App. 1988).

Yon first challenges his conviction based on the claim that he was denied effective assistance of counsel at trial by reason of trial counsel's failure to object to certain instructions and to request other instructions. Challenges to jury instructions normally may be raised on direct appeal, even where the objection or request was not raised below. Therefore, the propriety of jury instructions is not ordinarily a matter that can be asserted in an application for post-conviction relief. I.C. § 19–4901(b). However, because the same attorney that represented Yon at trial also handled his direct appeal, the trial court properly allowed this issue to be considered in a post-conviction application.

■ Yon alleges that during the time of the trial and appeal, his attorney was ineffective due to the debilitating effects of terminal cancer and counsel's taking of various medications for his illness. Specifically, however, Yon alleges ineffective assistance based on his trial counsel's failure

to seek an excusable homicide instruction, counsel's request that an involuntary manslaughter instruction not be given and counsel's failure to object to a general intent instruction.

In order to prove a claim of ineffective assistance of counsel, the petitioner must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of "professional assistance." *Id.* A petitioner must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992).

With respect to counsel's request that the involuntary manslaughter instruction not be given to the jury, a review of the record fails to reveal that this decision was based on any shortcoming in counsel's preparation or knowledge. It appears instead that this was a tactical decision designed to secure a full acquittal, instead of allowing the jury to find Yon guilty of a lesser included offense. Defense counsel's strategy is one that is available and is utilized in many criminal cases. We have held that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct. App.1989). In his affidavit attached to his application for post-conviction relief, Yon presents no evidence that this decision was in any way the result of inadequate preparation or ignorance of the law. Therefore, we reject Yon's claim of ineffective assistance regarding counsel's request not to give this instruction.

■ The failure to request an excusable homicide instruction can also be viewed as a tactical or strategic decision by defense counsel. Assuming such failure was not a tactical decision, however, it cannot be said that it shows counsel was so deficient as to undermine the proper functioning of the adversarial process. Although an instruction on excusable homicide was not requested, the jury was instructed that in order to find the defendant guilty, the jury would have to find that the defendant intended to kill the victim. Likewise, the prosecutor remarked in closing argument that "If it was self-defense or an accident, he is not guilty." Under these circumstances, the jury was adequately apprised that if they accepted Yon's account that the killing was accidental or an accident in the course of self-defense, it was their duty to acquit Yon. Without some showing of prejudice, beyond the mere fact that the instruction was not given, this claim in the post-conviction application was properly dismissed.

■ The third item that Yon points to as evidence of the ineffective assistance of counsel is Instruction No. 4 which contains the definitional language on general intent. Yon claims that this instruction contradicted the other instructions given and would have confused the jury. The instruction in question reads as follows:

An essential element of the crime of which the Defendant is accused is intent, the law requiring that to constitute such a crime, there must be a union or joint operation of criminal conduct and criminal intent. However, this does not mean that one must intend all the consequences of his conduct, or that he must know that the conduct is unlawful to be guilty of a public offense such as that charged against the Defendant in this case. The intent to do the forbidden thing constitutes the criminal intent. The law requires that to be guilty of a crime, one must intend the conduct that fits the description of the crime, and must engage in that conduct knowingly and wilfully.

The word "wilfully", when applied to the intent with which the act is done or omitted, and as used in my instructions,

implies simply a purpose or willingness to commit the act, or to make the omission in question. The word does not require in its meaning any intent to violate the law, or to injure another, or to acquire any advantage.

The word "knowingly" as used in my instructions, imports only a knowledge of the existence of the facts in question, when those facts are such as to bring the act or omission within the provision of the law. The word does not require in its meaning any knowledge of the unlawfulness of such act or omission.

The intent with which an act is done is manifested by the circumstances attending the act, the manner in which it is done, the means used, and the sound mind and discretion of the accused.

Yon contends that his counsel should have objected to instruction No. 4 because it suggests that specific intent to kill is not a required element of second degree murder, and the instruction would lead the jury to believe that they should convict Yon of second degree murder even if they believe he was guilty of only criminal negligence in causing the victim's death.

Finally, in addition to his claim that this instruction indicates ineffective assistance of counsel, Yon claims the confusing nature of the jury instructions is, in itself, an independent ground for granting relief. We will consider these two separate claims together, as they both depend on whether the jury instructions are so confusing as to raise a genuine issue of material fact.

When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect the applicable law. *State v. Enno*, 119 Idaho 392, 405, 807 P.2d 610, 623 (1991). Instruction No. 4 was a general instruction on criminal intent and the meaning of various words used elsewhere in the instructions. When defining second degree murder, however, the instructions were very specific. The instruction on second degree murder was as follows:

> Murder in the second degree is the unlawful killing of a human being with malice aforethought when there is mani-

fested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation.

> You are instructed that "malice aforethought" means an intent, at the time of the killing, wilfully to take the life of a human being, or an intent wilfully to act in callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred against the individual killed.

The instruction given on voluntary manslaughter was:

> The crime of voluntary manslaughter is the unlawful killing of a human being without malice aforethought when there is an intent to kill.

> There is no malice aforethought if the killing occurred upon sudden quarrel or heat of passion.

> In order to prove the commission of the crime of voluntary manslaughter, each of the following elements must be proved: 1) that a human being was killed; 2) that the killing was unlawful; 3) that the killing was done with the intent to kill.

With these instructions, it is clear that the jury could not find Yon guilty of either second degree murder or voluntary manslaughter unless the jury was able to find that there was an intent to kill. The specificity with which the additional instructions defined the particular crimes charged alleviates any potential uncertainty that Instruction No. 4 might have created. A similar issue was raised in *State v. Enno*, 119 Idaho 392, 807 P.2d 610 (1991). In *Enno*, the jury was given an instruction on general intent similar to that given in this case. The jury was also instructed on specific intent. However, the jury was not given any instruction on the difference between general and specific intent. The Supreme Court held that since the jury instructions repeatedly emphasized that before Enno could be found guilty, the jury would have to find that he acted with intent, the jury instructions as a whole were

not misleading. When reading the instructions in this case as a whole, we are satisfied that they fairly and accurately represent the law as it exists in Idaho and are not so confusing as to mislead the jury or prejudice Yon. The instructions here also repeatedly emphasized that in order for Yon to be guilty, that the jury would have to find he acted with an intent to kill. Therefore, we conclude that Yon was not prejudiced by his counsel's failure to object to this instruction. Likewise, the trial court correctly dismissed Yon's application, as the nature of the jury instructions do not form an independent ground for granting relief.

Upon reviewing the record in this case, we find that no genuine issue of material fact exists and, therefore, we affirm the trial court's dismissal of Yon's application for post-conviction relief.

WALTERS, C.J., and LANSING, J., concur.