924 P.2d 1225

**Dennis E. ABBOTT, Petitioner–Appellant,**

v.

**STATE of Idaho, Warden Arvon Arave, Respondents.**

No. 22732.

Court of Appeals of Idaho.

Sept. 4, 1996.

Dennis E. Abbott, Boise, pro se appellant.

Alan G. Lance, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondents.

LANSING, Judge.

This action was initiated with the filing of a petition for a writ of habeas corpus. Based upon the nature of the allegations in the petition and the relief sought, the magistrate determined that the petition should be treated as one for post-conviction relief under the Uniform Post–Conviction Procedure Act (UPCPA), I.C. §§ 19–4901 through 19–4911. The magistrate summarily dismissed the petition. On review of the magistrate's decision, following an interim appeal to the district court, we affirm the order of dismissal on the basis that the petition was not filed in the correct venue.

## PROCEDURAL HISTORY

In April 1986, Dennis E. Abbott pleaded guilty to lewd conduct with a minor child under sixteen, I.C. § 18–1508, before the Hon. Daniel Hurlbutt, district judge of the Fifth Judicial District in Twin Falls County. Abbott was sentenced to a life term in the custody of the State Board of Correction. In May 1995, Abbott, acting pro se, filed a verified pleading captioned "Petition for a Writ of Habeas Corpus" in the magistrate division of the Fourth Judicial District Court in Ada County. The petition challenged the validity of Abbott's conviction. It alleged that at the time he entered his guilty plea, Abbott was mentally incompetent and lacked the capacity to understand the proceedings and to make informed decisions, that he was coerced into pleading guilty, that he received ineffective assistance of counsel, and that the district court erred by failing to order a mental evaluation to determine Abbott's mental competence. The prayer for relief in the petition requested that the court vacate Abbott's conviction and order a competency evaluation. With his pro se petition, Abbott filed a motion for appointment of counsel. The request for counsel was denied by the magistrate.

The State filed a response to the petition and a motion to dismiss. The State's motion asserted that, because the petition challenged the validity of Abbott's conviction, it presented an issue of post-conviction relief that should have been brought pursuant to the UPCPA. The State urged dismissal of the petition because Abbott had not complied with two requirements of I.C. § 19–4902:(1) that an application for post-conviction relief must be filed in the district court where the conviction occurred, and (2) that the application must be filed within one year after expiration of the time for appeal or within one year after determination of an appeal or of a proceeding following the appeal in the criminal case. In response to the State's motion, Abbott filed a verified pro se brief which did not address the State's argument that his petition was in substance an application for post-conviction relief and had been filed in the wrong venue. Apparently in response to the State's assertion that the petition was untimely, Abbott asserted that while in the custody of the Board of Correction he had been "placed on heavy amounts of mind altering medication Thorazine," so that he had been unable to file a timely appeal or to earlier challenge his conviction. He asserted that he had recently been taken off Thorazine and was therefore now able to proceed.

The magistrate granted the State's motion for dismissal, concluding that Abbott's petition alleged claims that should have been

pursued under the UPCPA and that the action was barred by the statute of limitation for such claims. On Abbott's appeal, the district court also treated the action as one for post-conviction relief. The district court affirmed the dismissal on the ground that the petition had not been filed in the court that handled the criminal proceeding as required by I.C. § 19–4902. The district court declined to address the statute of limitation issue. Abbott now appeals to this Court.

## ANALYSIS

■ Preliminarily we note that, on appeal from a decision made by the district court in its appellate capacity, we examine the magistrate's decision independently of, but with due regard for, the district court's decision. *Craig v. State*, 123 Idaho 121, 123, 844 P.2d 1371, 1373, (Ct.App.1992); *Freeman v. State*, 119 Idaho 692, 694, 809 P.2d 1171, 1173 (Ct. App.1991).

■ The UPCPA comprehends and replaces all other common law, statutory or other remedies, including the writ of habeas corpus, that were previously available to collaterally challenge the validity of a conviction or sentence. I.C. § 19–4901(b). Therefore, once the time for a direct appeal has expired, the exclusive vehicle to present a claim that a conviction or sentence was entered in violation of constitutional or statutory law is an application for post-conviction relief under the UPCPA. *Still v. State*, 95 Idaho 766, 768, 519 P.2d 435, 437 (1974).[1]

■ The allegations of Abbott's petition for a writ of habeas corpus amount to assertions that his guilty plea was obtained and his conviction entered without observation of his constitutional rights and in violation of Idaho statutes. Therefore, the claims are governed by the UPCPA and are not properly presented through a petition for a writ of habeas corpus. However, the faulty pleading form, standing alone, does not warrant dismissal. Section 19–4906(a) of the UPCPA specifies that the court "shall take account of substance regardless of defects of form."

Accordingly, the Idaho Supreme Court has held: "[S]ubstance and not form governs and it is immaterial whether the petition or application is labeled as one for habeas corpus or post-conviction relief. As long as the petition sets forth the legitimate grounds for relief found in I.C. § 19–4901, this Court will consider the proceeding as one under the Act." *Still*, 95 Idaho at 768, 519 P.2d at 437. *See also Palmer v. Dermitt*, 102 Idaho 591, 593, 635 P.2d 955, 957 (1981); *Morris v. State*, 123 Idaho 549, 850 P.2d 198 (Ct.App.1993). Hence, the magistrate was correct in treating Abbott's petition as an application for post-conviction relief.

■ We turn, then, to the question whether summary dismissal of Abbott's petition was appropriate. Summary disposition of an application for post-conviction relief is authorized only where the evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If a genuine factual issue is presented, an evidentiary hearing must be conducted. I.C. § 19–4906; *Heartfelt v. State*, 125 Idaho 424, 426, 871 P.2d 841, 843 (Ct.App. 1994); *Griffith v. State*, 121 Idaho 371, 373, 825 P.2d 94, 96 (Ct.App.1992); *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991). An application for post-conviction relief may be summarily dismissed where the court is satisfied, on the basis of the application, answer or motion, and the record, that the applicant is not entitled to relief and no purpose would be served by any further proceedings. I.C. § 19–4906(b); *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985). On appeal from a summary disposition, this Court exercises free review. *Yon v. State*, 124 Idaho 821, 822, 864 P.2d 659, 660 (Ct.App.1993); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App. 1988).

■ The basis upon which the magistrate dismissed Abbott's claims was the statute of limitation, I.C. § 19–4902, which specifies that an application for post-conviction relief must be brought within one year from the

---

1. *Other types of challenges to an inmate's incarceration, which are not enumerated in I.C. § 19–4901, including challenges to the conditions of* confinement, may continue to be asserted in a petition for a writ of habeas corpus pursuant to I.C. § 19–4201 through 19–4236.

expiration of the time for appeal or from the determination of an appeal or proceeding following an appeal in the underlying criminal action. We conclude that summary disposition of Abbott's claim on this basis was incorrect.

Abbott's application alleges that he was mentally incompetent during the criminal proceedings and that following his sentencing he was kept under the influence of psychotropic medication which kept him mentally incapacitated. His response to the State's motion to dismiss alleges that he was only recently taken off of these drugs. These allegations were not disproved by the State. Abbott's assertion that mental disease or psychotropic medication rendered him incompetent and prevented him from earlier pursuing challenges to his conviction are sufficient to raise factual issues and intertwining legal issues as to whether he was prevented from timely filing his action by mental incapacity or medication, whether strict application of the one-year statute of limitation would deprive Abbott of any meaningful opportunity to present his claims for post-conviction relief, and whether the statute of limitation should be deemed tolled in such circumstance to avoid violation of constitutional due process guarantees. *See Mellinger v. State,* 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct.App.1987) (Burnett, J., concurring) (expressing view that prisoner should be allowed to file a post-conviction application after the statute of limitation has expired if a prior, timely application was dismissed due to ineffective assistance of counsel); *People v. Germany,* 674 P.2d 345 (Colo.1983) (Three-year statute of limitation for collateral attack on criminal conviction held violative of constitutional due process guarantees because it did not afford the defendant "an opportunity to show that the failure to assert a timely constitutional challenge was the result of circumstances amounting to justifiable excuse or excusable neglect."); *Burford v. State,* 845 S.W.2d 204 (Tenn.1992) (Three-year statute of limitation for post-conviction relief held unconstitutional as applied in petitioner's circumstances because it denied him due process.). Because these factual and legal issues were not recognized or addressed in the proceedings below, we decline to affirm the determination

that Abbott's claim is barred by the statute of limitation.

■ This determination does not necessarily require reversal, however, for if an order of the trial court is incorrect on a particular theory, but is supported by an alternative legal theory, we will uphold the trial court's decision. *Hanf v. Syringa Realty, Inc.,* 120 Idaho 364, 370, 816 P.2d 320, 326 (1991); *Anderson & Nafziger v. G.T. Newcomb, Inc.,* 100 Idaho 175, 179, 595 P.2d 709, 713 (1979). We turn, therefore, to the second ground asserted by the State in its motion to dismiss—Abbott's failure to file his pleading in the correct district court. Applications for post-conviction relief are to be filed with the clerk of the district court in which the conviction took place. I.C. § 19–4902. Abbott, unfortunately, did not comply with this statutory directive.

■ In civil actions other than proceedings for post-conviction relief, it has been held that improper venue is not a ground for dismissal of the action. *Butterfield v. Hatch,* 85 Idaho 527, 381 P.2d 285 (1963); *Bistline v. Eberle,* 85 Idaho 167, 376 P.2d 501 (1962). In *Still,* however, our Supreme Court held that a petition for a writ of habeas corpus, treated as an application for post-conviction relief, was properly dismissed because the pleading was not filed in the proper district court. The Court stated:

Petitioner has alleged that he was not adequately represented by counsel and that his confession was not entirely voluntary. These allegations charge a violation of substantial rights found in both the federal and state constitutions, and are included in I.C. § 19–4901(a)(1) as grounds for relief. Therefore, this Court will consider the petition as an application filed under the Uniform Post–Conviction Procedure Act. However, because petitioner has failed to follow the procedures found in the Act, this Court must affirm the action of the district court denying the petition. Idaho Code § 19–4902 states that the application for relief must be filed in the district court in which the conviction took place. Petitioner pled guilty and was convicted in the Third District Court, Gem County. He filed his

petition for habeas corpus in the Fourth District Court, Ada County. Because he failed to file his petition in the proper district court, his petition was properly denied.

*Still,* 95 Idaho at 768, 519 P.2d at 437 (citation omitted). *See also Morris,* 123 Idaho at 552, 850 P.2d at 201.

We note that when *Still* was decided, there was no statute of limitation for post-conviction relief actions. Consequently, there was then little difference in effect between, on the one hand, a transfer of a post-conviction case to the correct venue and, on the other hand, a dismissal of an action filed in an improper venue with the applicant remaining free to refile in the correct county. Subsequent to the decision in *Still,* however, a five-year statute of limitation was imposed for post-conviction relief actions, 1979 Idaho Sess. Laws, ch. 133, § 1 at 428, and more recently the statute of limitation was reduced to one year. 1993 Idaho Sess.Laws, ch. 265, § 1, at 898. Therefore, under current law a dismissal of a timely post-conviction relief action initiated in the wrong venue may preclude further action by the applicant because, by the time the dismissal is ordered, the statute of limitation may have expired. To avoid such potential prejudice to applicants, in our view a transfer of the case to the correct venue is preferable to dismissal of an action filed in the wrong court.

Nonetheless, *Still* holds that the dismissal of an application for post-conviction relief is a proper response where the action was not filed in the correct court. Unless and until that decision is reevaluated by the Idaho Supreme Court we are bound by its holding. Accordingly, we are constrained to affirm the magistrate's dismissal of Abbott's action. The order of the magistrate dismissing Abbott's petition for a writ of habeas corpus, treated as an application for post-conviction relief, is affirmed.

WALTERS, C.J., concurs.

PERRY, Judge, concurring in the result:

I write separately to concur in the result only. The dismissal of Abbott's petition by the magistrate should be affirmed. I express no opinion on the majority's view of the potential prejudicial impact of *Still,* or that Abbott's mental condition is an issue which, nine years later, requires an evidentiary hearing.