**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38865**

| | | |
|---|---|---|
| **MARCO ANTONIO RIOS-LOPEZ,** | ) | **2012 Unpublished Opinion No. 550** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: July 5, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, affirmed.

Marco Antonio Rios-Lopez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Marco Antonio Rios-Lopez appeals from the judgment summarily dismissing his successive petition for post-conviction relief. He asserts the district court erred in finding that his successive petition was untimely. We affirm.

## I.

## BACKGROUND

Rios-Lopez was convicted of three counts of trafficking in cocaine and three counts of failure to affix a drug tax stamp. He was sentenced to consecutive unified terms of fourteen years, with seven years determinative, for each of the three counts of trafficking, and unified terms of two years, with one year determinate, for each count of failing to affix tax stamps, for a total unified term of forty-eight years, with twenty-four years determinate. This Court affirmed the judgment of conviction and sentences in an unpublished decision. *State v. Rios-Lopez*, Docket No. 28142 (Ct. App. Aug. 12, 2003). Rios-Lopez filed a petition for post-conviction

1

relief on September 24, 2003, asserting numerous claims, including that his counsel was ineffective for failing to present an alibi defense at trial and omitting mitigating evidence at sentencing. The district court granted the State's motion for summary disposition on November 15, 2004, determining Rios-Lopez did not raise a material issue of fact to be entitled to post-conviction relief because his allegations were unsupported by facts contained in affidavits, records, or other evidence. This Court affirmed in an unpublished decision. *Rios-Lopez v. State*, Docket No. 31421 (Ct. App. Oct. 28, 2005). Rios-Lopez then filed for habeas corpus relief in the federal district court. The federal district court denied his petition for writ of habeas corpus on March 30, 2009.

On March 11, 2010, Rios-Lopez filed a successive petition for post-conviction relief asserting ineffective assistance of post-conviction counsel. Rios-Lopez alleged his post-conviction counsel was ineffective in pursuing his initial post-conviction petition by failing to provide the district court with the required evidence as set forth in Idaho Code § 19-4903. The district court granted the State's motion for summary disposition finding Rios-Lopez's petition, filed over five years from the date of dismissal of his initial petition for post-conviction relief, when Rios-Lopez knew or should have known of the claims, was not filed within a reasonable period of time. Rios-Lopez appeals.

## II.

## ANALYSIS

### A.    Standard of Review

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). All claims for post-conviction relief must be raised in an original, supplemental, or amended petition. I.C. § 19-4908. An original petition must be filed within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted that for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). While

2

section 19-4908 sets forth no fixed time within which successive petitions may be filed, the "sufficient reason" language in the statute necessarily provides "a reasonable time within which such claims [may be] asserted in a successive post-conviction petition, once those claims are known." *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.

There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction petitioner with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987) (Burnett, J., concurring). Thus, when a second or successive petition alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of "sufficient reason" permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis. *Id.* Therefore, the question is whether the petitioner in the present case filed the successive petition alleging ineffective assistance of prior post-conviction counsel within a reasonable period of time.

### B.    Timeliness of Rios-Lopez's Successive Petition

Rios-Lopez asserts that his petition was timely because he has been "diligently pursuing his rights." Rios-Lopez first argues that pursuing the action in federal court tolled the one-year statute of limitations. The limitation period provided in Idaho Code § 19-4902 may be tolled

when the petitioner was prevented from timely filing his action. *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). We have held, in numerous cases, that "the bar for equitable tolling for post-conviction actions is high." *Id*. This Court has only allowed tolling in limited circumstances, including where the petitioner was prevented from timely filing his action by incapacitating mental illness and where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials. *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009); *Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997); *Abbott*, 129 Idaho at 385, 924 P.2d at 1229. Here, Lopez does not claim he was prevented from timely filing his successive petition due to mental illness or incarceration at an out-of-state facility.

Alternatively, Rios-Lopez argues he was "prevented from pursuing challenges to his conviction" because of language barriers. His argument is similar to the petitioner's argument in *Sayas v. State*, 139 Idaho 957, 88 P.3d 776 (Ct. App. 2003), where the Sayas argued that a language barrier should permit equitable tolling. *Id.* at 960, 88 P.3d at 779. This Court concluded that although the assertion was that Sayas was unable to speak, read, or write English, Sayas offered no "cogent argument as to why his petition was filed two and one-half years beyond the statutory time limit." *Id*. Similarly here, Rios-Lopez argues his language barrier should toll the statute of limitations, but provides no justifiable argument explaining why his petition was delayed over five years. Accordingly, Rios-Lopez has not established a basis for applying the equitable tolling doctrine.

Moreover, the time requirement for filing a successive petition is not the one-year limit provided by Idaho Code § 19-4902(a). Instead, the correct standard to measure the timeliness of a successive petition is articulated in *Charboneau*, 144 Idaho at 905, 174 P.3d at 875:

> [T]here should be a reasonable time within which such claims [which were not known when the original petition was filed] are asserted in a successive post-conviction petition, once those claims are known. . . . In determining what a reasonable time is for filing a successive petition, we will simply consider it on a case-by-case basis, as has been done in capital cases.

Thus, the issue is not whether Rios-Lopez filed the petition within one year of the discovery of new claims, but whether he filed "within a reasonable time after the claims were known or should have been known." *Pizzuto*, 134 Idaho at 798, 10 P.3d at 748; *accord Fields v. State*, 151 Idaho 18, 25, 253 P.3d 692, 699 (2011); *Stuart v. State*, 149 Idaho 35, 41, 232 P.3d 813, 819

4

(2010); *Paradis v. State*, 128 Idaho 223, 227, 912 P.2d 110, 114 (1996); *Paz v. State*, 123 Idaho 758, 760, 852 P.2d 1355, 1357 (1993).

Rios-Lopez does not specifically address the issue of whether his successive post-conviction petition was filed within a reasonable time, only that he has been "diligently pursuing his rights." We construe his argument to be that any reason suffices to meet the "sufficient reason" standard. Rios-Lopez draws this proposition from *Schwartz*, 145 Idaho 186, 177 P.3d 400, in which this Court stated:

> [I]f an initial post-conviction action was timely filed and has been concluded, an inmate may file a subsequent [petition] outside of the one-year limitation period if "the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

*Id*. at 189, 177 P.3d at 403 (quoting I.C. § 19-4908). Rios-Lopez incorrectly interprets this statement to mean that there is an unlimited amount of time to file a successive petition as long as there is "sufficient reason." He argues that he was diligent in pursuing his successive petition and it was, therefore, timely. He points to the fact that he appealed the summary dismissal of his original petition to this Court, then filed a petition for writ of habeas corpus in federal district court, and then filed this successive petition for post-conviction relief. In *Freeman v. State*, 122 Idaho 627, 629, 836 P.2d 1088, 1090 (Ct. App. 1992), this Court explained:

> [A]lthough a UPCPA proceeding may be commenced after the "determination of a proceeding following an appeal" the time limit to file [a petition] under the UPCPA is not renewed or extended by any other collateral post-judgment proceeding.

*See also Loman v. State*, 138 Idaho 1, 2, 56 P.3d 158, 159 (Ct. App. 2002) (explaining that if one could file an untimely notice of appeal from the judgment of conviction to restart the limitation period, the statute of limitations for post-conviction actions would be rendered meaningless). The filing of Rios-Lopez's petition for writ of habeas corpus in the federal court did not act to restart or extend the limitation period. The reasonable time limitation for the successive post-conviction petition began to run at the conclusion of his initial post-conviction action. The record shows that it was reasonable to conclude that Rios-Lopez knew or should have known about the alleged ineffective assistance of his post-conviction counsel at the time of the initial post-conviction action when the court explained that to withstand summary disposition counsel

5

must provide sufficient evidence to require a hearing. At that point, the alleged insufficient evidence claim was known or should have been known. However, the ineffective assistance of his post-conviction counsel claim was not asserted until he filed his successive petition for post-conviction relief on March 11, 2010--over five years after the dismissal of his initial post-conviction action. The district court correctly determined that on this record the successive petition was not filed within a reasonable time. *See Charboneau*, 144 Idaho at 905, 174 P.3d at 875 (concluding the thirteen-month delay in filing the petition, without explanation, was "simply too long a period of time to be reasonable"); *Paz*, 123 Idaho at 760, 852 P.2d at 1357 (concluding that the petitioner knew or should have known at completion of trial that issues were not raised and waiting four years to file his petition was not a reasonable period of time); *Schwartz*, 145 Idaho at 191-192, 177 P.3d at 405-406 (concluding that almost twelve months from the date Schwartz was aware of the claims was too long a period to be reasonable); c*f. Dunlap v. State*, 131 Idaho 576, 577, 961 P.2d 1179, 1180 (1998) (concluding it was reasonable for the petitioner to file the post-conviction petition almost two years after the statutory period because the petitioner "did not know and could not reasonably have known that no post-conviction relief [petition] had been filed on his behalf before the appointment of his current counsel to represent him").

## III.

## CONCLUSION

We conclude Rios-Lopez's delay of over five years to file his successive petition was unreasonable. Accordingly, Rios-Lopez's successive petition was time-barred. We, therefore, affirm the judgment summarily dismissing Rios-Lopez's successive petition for post-conviction relief.

Judge LANSING and Judge MELANSON **CONCUR.**