IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41819

| | | |
|---|---|---|
| JUSTIN IRVEN BELL, | ) | 2014 Unpublished Opinion No. 755 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 9, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Eric J. Wildman, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Justin I. Bell, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Justin Irven Bell appeals from the district court's order summarily dismissing his petition for post-conviction relief for being untimely. He argues that equitable tolling should apply to his petition and, therefore, the district court erred when dismissing his petition and denying him appointment of counsel to pursue his claims.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bell was charged with eluding a police officer, a felony under Idaho Code § 49-1404(2)(a), and of being a persistent violator, also a felony under I.C. § 19-2514. Pursuant to a plea agreement, he pled guilty to the charge of eluding a police officer. The district court imposed a unified term of five years with one year determinate and retained jurisdiction. Thereafter, the court directed that Bell be placed on supervised probation for three years. Subsequently, Bell violated the terms of his probation and the district court revoked his

1

probation and executed the original sentence. Bell then filed a Rule 35 motion, which was denied. Bell did not file an appeal.

Nearly two years after his conviction, Bell filed a petition for post-conviction relief challenging his conviction, and requesting that he be provided counsel to pursue his petition. He made several claims, including that he had ineffective assistance of counsel for advising him to plead guilty, he was innocent of eluding the police officer because the State could not prove he was traveling in excess of thirty miles over the posted speed limit, and that the State improperly used the persistent violator charge to coerce him into the plea deal. The court issued a notice of intent to dismiss on the grounds that Bell's petition was untimely under I.C. § 19-4902. Thereafter, Bell filed a response asserting that the statute of limitations should be equitably tolled because he had continuously been incarcerated and that he had continuously been on mind-altering medications. The court determined these claims were without merit, dismissed Bell's petition for post-conviction relief, and denied his request for counsel.

Bell appeals, asserting that the district court erred by not extending equitable tolling to his petition and by denying his request for counsel.

## II.

## ANALYSIS

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56.

"[W]hen reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted."

*Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

The district court summarily dismissed Bell's petition for post-conviction relief on the basis that it was time-barred. Idaho Code § 19-4902 governs the time parameters for filing a petition for post-conviction relief. It provides that the limitations period for filing post-conviction actions in non-capital cases is "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902. The court entered its judgment of conviction and order of commitment on January 23, 2012. Bell filed his petition for post-conviction relief on December 5, 2013, clearly exceeding the time allotted under the statute. In the district court, Bell contended that the limitation should be equitably tolled on the grounds that he was continuously incarcerated and that he had continuously been on mind-altering medications. On appeal, he does not specifically raise the same issues, but instead argues that he lacked legal training sufficient to timely raise his claims. However, we will address each claim.

The bar for equitable tolling is high and it is not enough to show that compliance with the time constraints was simply made more difficult. *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). Idaho appellate courts have recognized equitable tolling applied in the following circumstances: (1) where the petitioner was incarcerated in an out-of-state facility without representation or access to Idaho legal materials, *see Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997); and (2) where the petitioner was prevented from pursuing challenges to his conviction due to mental illness and/or psychotropic medication. *See Abbott v. State*, 129 Idaho 381, 385, 924 P2d 1225, 1229 (Ct. App. 1996). In addition, the

3

commencement of the limitation period may be delayed until the petitioner discovered facts giving rise to the claim. *Judd v. State*, 148 Idaho 22, 26, 218 P.3d 1, 5 (Ct. App. 2009).[1]

Bell asserts that equitable tolling applies because he has been incarcerated without adequate access to legal research resources. Bell does not claim he was incarcerated out of state. Although Bell claims that the institution does not have adequate legal resources, his argument fails since he was not in continuous custody during the time period allotted under I.C. § 19-4902 to file a post-conviction action. In fact, Bell was out of custody and on supervised probation for more than six of the twelve months allotted in which to file before his original sentence was reinstated and he was admitted into custody. This Court has held that equitable tolling did not apply to a petitioner who was incarcerated out of state without access to Idaho legal resources for a period of less than four months, because he had more than nine months after he was transferred back into state custody and could have timely filed his petition for post-conviction relief during that time period. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). *See also Evensiosky v. State*, 136 Idaho 189, 190, 30 P.3d 967, 968 (2001). Therefore, it follows that Bell also had ample opportunity and time to file his petition for post-conviction relief during the time period allotted despite his later incarceration. Thus, equitable tolling does not apply based on this ground.

Bell also argued in his petition that he was continuously on mind-altering medications that warrant equitable tolling in his case. This Court held in *Abbott* that there was a factual issue as to whether the petition for post-conviction relief was time-barred precluding summary dismissal. In that case, petitioner alleged he was mentally incompetent during proceedings and that following his sentencing, he was kept under the influence of psychotropic medication which kept him mentally incapacitated. *Abbott*, 129 Idaho at 385, 924 P.2d at 1229. He alleged that he had only recently stopped taking these drugs, which the State did not disprove. *Id*. This Court found Abbott's assertion that mental disease or psychotropic medication rendered him incompetent and prevented him from pursuing challenges to his conviction during the one-year period was sufficient to raise factual issues and intertwining legal issues as to whether he was

---

[1]   This Court was referencing *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2008), in which the Idaho Supreme Court recognized that the limitation period may be postponed until the petitioner has discovered the factual basis for the claim where the post-conviction claim raises important due process issues.

4

prevented from timely filing his action by mental incapacity or medication; however, this Court affirmed the district court's dismissal of his petition on other grounds. *Id.* Conversely, here, Bell was gainfully employed and able to comply with the terms of his probation during the six and one-half month period he was out of custody (except refraining from consumption of alcohol and continuing to operate a motor vehicle). Additionally, the medications in question are Effexor and Lamictal, both mood stabilizers. During his plea colloquy, Bell testified before the court that the Effexor he was taking did not affect his ability to make reasoned and informed decisions. Bell does not clarify when he began taking Lamictal; however, as previously noted, he was able to sustain gainful employment and largely comply with the terms of his probation while out of custody. Therefore, his argument that his medication rendered him incapable of timely filing his petition within the time frame allowed for post-conviction relief is without merit.

On appeal, Bell makes the additional argument that his lack of legal training contributed to his untimely filing and equitable tolling should apply; however, Idaho appellate courts have not permitted equitable tolling in instances where the petitioner's lack of diligence caused or contributed to the untimeliness of the petition. *Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010).

Finally, Bell also contends the district court erred by denying his request for appointment of counsel. If a post-conviction applicant is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the applicant in preparing the application, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether an applicant for post-conviction relief is entitled to court-appointed counsel before denying the application on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the applicant is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the applicant. *Id.* In its analysis, the district court

should consider that applications filed by a pro se applicant may be conclusory and incomplete. *See id*. at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se applicant does not know the essential elements of a claim. *Id*. Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if an applicant alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

This Court agrees with the district court's finding that "there is no possibility that the Petitioner can present a valid defense to the untimeliness of the filing" of his petition, and therefore a reasonable person with adequate means would not be willing to retain counsel to further pursue his petition. Consequently, the district court correctly denied Bell's request for counsel.

## III.

## CONCLUSION

Bell's petition for post-conviction relief is time-barred under I.C § 19-4902 and no basis for equitable tolling has been shown. Therefore, the district court's order denying appointment of counsel and summarily dismissing his petition is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**