130 Idaho 39

936 P.2d 682

**Terrence James MATTHEWS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 22257.

Court of Appeals of Idaho.

March 18, 1997.

Petition for Review Denied,

May 14, 1997.

---

David Lee Posey, Payette, for petitioner–appellant.

Alan G. Lance, Attorney General, L. La-Mont Anderson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Terrence James Matthews appeals from the district court's order dismissing his application for post-conviction relief. Matthews claims the district court erred in denying his motion for summary judgment and in granting the state's motion to dismiss. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

In June 1991, a jury found Matthews guilty of two counts of lewd conduct with a minor, and two counts of sexual abuse of a child. Matthews received four concurrent sentences of fifteen years, with five-year minimum periods of confinement. Matthews filed an I.C.R. 35 motion for reduction of the sentences which was denied by the district court. Matthews filed a direct appeal, and his judgment of conviction and sentences were affirmed. *State v. Matthews*, 124 Idaho 806, 864 P.2d 644 (Ct.App.1993). The specific facts leading to Matthews' conviction are set forth in this Court's opinion from his direct appeal.

In December 1993, Matthews filed a pro se application for post-conviction relief. In his application, Matthews asserted that his trial counsel was deficient, that there was judicial misconduct and that his sentences were excessive. In March 1994, the district court appointed counsel to represent Matthews in his post-conviction proceedings.

In October 1994, Matthews moved for summary judgment on the sole issue of whether he received ineffective assistance of counsel when his trial attorney failed to object to the testimony of a therapist who had counseled one of the victims. The state moved to dismiss Matthews' application for post-conviction relief or, in the alternative, to strike pleadings from Matthews' application. On December 14, 1994, the district court held a hearing on the parties' motions and heard argument from counsel. The parties stipulated that the district court could consider the trial transcripts in reaching its decision. On January 4, 1995, the district court denied Matthews' motion for summary judgment and granted the state's motion, dismissing Matthews' application for post-conviction relief. Matthews moved for reconsideration which was denied by the district court following a hearing. Matthews appealed.

## II.

## DISCUSSION

 An application for post-conviction relief under I.C. § 19–4901 is a special proceeding, civil in nature, and is an entirely new proceeding distinct from the criminal action which led to the conviction. *Peltier v. State*, 119 Idaho 454, 808 P.2d 373 (1991). The applicant in a post-conviction case has the burden of proving, by a preponderance of the evidence, the allegations which the applicant contends entitle the applicant to relief. I.C.R. 57(c); *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App.1992).

In order to establish a violation of the constitutional guarantee of effective assistance of counsel, the defendant must show both deficient performance and resulting

prejudice. *Gibson v. State*, 110 Idaho 631, 634, 718 P.2d 283, 286 (1986), *citing Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). To show counsel's performance was deficient, the applicant for post-conviction relief has the burden of proving that the attorney's conduct fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To demonstrate prejudice, a criminal defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different." *State v. Roles*, 122 Idaho 138, 145, 832 P.2d 311, 318 (Ct. App.1992), *quoting Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

## A. Motion for Summary Judgment

■ Matthews argues that the district court erred in denying his motion for summary judgment on his ineffective assistance of counsel claim. Matthews' sole argument in support of his motion was that there was deficient representation when counsel failed to object to testimony by a therapist who had counseled one of the victims. In denying Matthews' motion, the district court found that Matthews had failed to prove counsel's representation was deficient. The district court further found that counsel had engaged in trial strategy to discredit the therapist's testimony and that this strategy was not based on inadequate preparation, ignorance of the law or other errors capable of objective evaluation. Additionally, the district court determined that Matthews did not prove prejudice from that testimony.

■ We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the

nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 876 P.2d 154 (Ct.App.1994).

Marie Bledsoe, a therapist, had counseled one of the victims, L.O., for sexual abuse. At trial, Bledsoe was offered by the state as an expert "qualified to counsel with and to diagnose victims of sex abuse." Over Matthews' objection, the district court admitted Bledsoe as "an expert in the field of therapy and counseling." During the trial, Bledsoe testified:

> If I feel that someone is telling me the truth, then I will follow a treatment plan that is particular for abuse victims. If I feel that they are not telling me the truth, then I would look into a diagnosis of a compulsive liar or look for sources of why a child would say something like that.

Bledsoe further testified that, in her opinion, L.O. had been sexually abused.

Matthews claims Bledsoe's testimony was objectionable because the testimony pertained to L.O.'s credibility which invaded the province of the jury. Matthews asserts that because Bledsoe's testimony was objectionable, counsel was deficient by failing to object to it.

It is unnecessary that we determine whether counsel was deficient by failing to object or moving to strike Bledsoe's testimony. We will assume, *arguendo*, that Bledsoe's testimony was objectionable and counsel was deficient by failing to object or moving to strike it. We hold, however, that because Matthews has not met his burden of proving he was prejudiced by Bledsoe's testimony, the district court did not err in denying Matthews' summary judgment motion.

In the order dismissing Matthews' application, the district court stated:

> [Matthews] has failed to show that any failure to object prejudiced his case. Marie Bledsoe had already testified that she believed the child. In addition, [Matthews] testified at the trial he had not

touched one of the victims intentionally in the pants but he may have accidently touched her while snuggling. [Matthews] admitted to Nancy Thomas about [Matthews] not knowing that his finger hurt the child unless the child said ouch. All this evidence, together with the two victim's testimony, was more than sufficient to have convicted [Matthews], even if Marie Bledsoe had not testified.

(citations omitted). Because Matthews has made no showing as to how he was prejudiced by Bledsoe's testimony, we conclude upon review of the record that Matthews has not met his burden proving that absent his counsel's error, and the resulting testimony of Bledsoe, there was a reasonable probability that Matthews would not have been found guilty. Therefore, the district court did not err in denying Matthews' motion for summary judgment on this issue.

### B. Motion to Dismiss

Matthews claims the district court erred in granting the state's motion to dismiss his application for post-conviction relief because the district court, in its order dismissing the application, ignored the following claims of ineffective assistance of counsel raised by Matthews: (1) counsel did not seek an order compelling discovery when the state failed to comply with the discovery request pertaining to the expected testimony of Carol Sorini; (2) counsel failed to request a continuance in order to give the defense time to arrange for expert testimony to refute Sorini's testimony; (3) counsel failed to object on proper grounds to Sorini's testimony; (4) counsel failed to request a limiting instruction be given to the jury at the beginning of A.A.'s testimony and failed to object to the limiting instruction that was given during her testimony; (5) counsel was a witness to the recantation of the bad acts testimony by A.A. but did not testify for Matthews or disqualify himself; and (6) counsel failed to either tape record A.A.'s recantation or have A.A. sign a sworn statement recanting her earlier allegations against Matthews.

Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to

motion of a party or upon the court's own initiative. *Chouinard v. State,* 127 Idaho 836, 839, 907 P.2d 813, 816 (Ct.App.1995). Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994). Summary dismissal is permissible only when the applicant's evidence has not raised a genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. *Id.* If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App. 1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Hays v. State,* 113 Idaho at 739, 747 P.2d at 761 (Ct.App.1987); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

When a district court grants summary dismissal of an application for post-conviction relief pursuant to I.C. § 19–4906(c), because the district court has determined as a matter of law that there is no material issue of fact, there is no requirement that the district court issue written findings and conclusions. *See State v. Christensen,* 102 Idaho 487, 489, 632 P.2d 676, 678 (1981). On review of a summarily dismissed application, we will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court will liberally construe the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

#### 1. Counsel's failure to seek order compelling discovery

Matthews claims counsel was deficient because he did not seek an order com-

pelling discovery when the state failed to comply with the discovery request pertaining to the expected testimony of Carol Sorini. In support, Matthews quotes the following excerpt from his direct appeal as support for this claim:

> Here, we note that Matthews did not seek an order to compel discovery when the state failed to comply with his discovery request, under I.C.R. 16(j). In light of Matthews' failure to pursue this remedy, we are not persuaded that the district court abused its discretion in choosing not to exclude Sorini's testimony.

*Matthews*, 124 Idaho at 812, 864 P.2d at 650. Matthews also asserts that counsel should have requested a continuance in order to give the defense additional time to rebut Sorini's testimony. Matthews further quotes:

> We note, however, that while excluding Sorini's testimony is a permissible sanction where the state has failed to comply with a discovery request, *see* I.C. § 19–1309(7) *and* I.C.R. 16, it was not the only remedy available to the defense. Matthews could have requested a continuance in order to obtain and review any information he was entitled to receive. However, no continuance was sought.

*Id.*, 124 Idaho at 812 n. 3, 864 P.2d at 650 n. 3.

If counsel had compelled discovery or sought and received a continuance and had additional time to prepare for Sorini's testimony, as Matthews asserts he should have, Matthews has not demonstrated how this additional time would have benefitted his case. At the hearing on the parties' motions in this case, Matthews argued that if counsel had additional time to evaluate Sorini's testimony, counsel could have called an expert witness to rebut Sorini's expected testimony. However, we cannot assume that the failure to call an expert witness constitutes ineffective assistance of counsel, *State v. Youngblood*, 117 Idaho 160, 165, 786 P.2d 551, 556 (1990), and Matthews has not identified any expert who would have given testimony favorable to the defense. On review of the trial transcripts, it is evident counsel conducted an extensive cross-examination of Sorini. Counsel was familiar with specific

articles and bodies of research that formed the basis of many of Sorini's conclusions and questioned her knowledge regarding such articles and research. Therefore, we conclude that summary dismissal was proper on this issue.

### 2. Counsel's failure to object on proper grounds to Sorini's testimony

 Matthews claims counsel was deficient because he failed to object on proper grounds to Sorini's testimony pertaining to discrepancies in a child's testimony during the trial. This issue was raised by Matthews and addressed by this Court on direct appeal. Consequently, the district court was not required to consider the issue anew in the post-conviction action. *Medrano v. State*, 127 Idaho 639, 644, 903 P.2d 1336, 1341 (Ct.App. 1995). Thus, summary dismissal was proper for this claim.

 Matthews also claims counsel was deficient in failing to object on proper grounds to Sorini's testimony concerning: (1) C.M.'s dreams; (2) the embarrassment a child might feel to a touch on the bottom as opposed to a touch on the genitals; (3) clingy and provocative behavior of children who have been sexually abused; and (4) what effect the fact that L.O. was a year older than C.M. would have on their testimony. Matthews collectively refers to these matters as the "Sexual Abuse Accommodation Syndrome." Matthews argues that counsel should have raised the issue of whether the Sexual Abuse Accommodation Syndrome has attained a scientific acceptance among clinical psychologists or psychiatrists. Matthews also argues that counsel should have raised the issue of whether other children who have not been similarly abused might also develop the same symptoms or traits. However, in this post-conviction action, Matthews has not shown that any opinions to which Sorini testified were not based upon principles that have gained general acceptance among psychologists and psychiatrists or were otherwise not scientifically sound. That is, Matthews has not shown that there existed a basis to make a meritorious objection to Sorini's testimony.

If the trial court could have properly admitted evidence, counsel's failure to object cannot be the basis for an ineffective assistance of counsel claim. *State v. Higgins*, 122 Idaho 590, 602, 836 P.2d 536, 548 (1992). Idaho Rule of Evidence 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Thus, the role of an expert is to provide testimony on subjects that are beyond the common sense, experience and education of the average juror. *Matthews*, 124 Idaho at 811, 864 P.2d at 649. However, as Rule 702 indicates, the testimony must assist the trier of fact.

It cannot be assumed that the average juror is familiar with all of the behavioral characteristics of child molestation victims. *State v. Ransom*, 124 Idaho 703, 710, 864 P.2d 149, 156 (1993). Accordingly, the Idaho Supreme Court has observed that behavior patterns of young victims of molestations fall into the category suitable for expert opinion. *State v. Hester*, 114 Idaho 688, 694, 760 P.2d 27, 33 (1988), *citing State v. Lindsey*, 149 Ariz. 472, 720 P.2d 73, 76 (1986); *Matthews*, 124 Idaho at 811, 864 P.2d at 649.

A similar issue was raised in *State v. Lawrence*, 112 Idaho 149, 730 P.2d 1069 (Ct.App. 1986). In *Lawrence*, the defendant at trial attempted to impeach the credibility of a young victim on the basis that the victim delayed reporting an incident of sexual abuse. An expert in the field of child sexual abuse testified for the state to explain the behavioral traits of sexually abused children. This Court upheld the district court's admission of the expert testimony, commenting:

A child may have difficulty articulating the reasons for his behavior.... The [expert's] testimony was narrowly circumscribed. The expert offered no opinion as to whether the children in this case had been abused. To the contrary, the expert openly acknowledged that he had not examined the children. His testimony was based on twenty years of personal experience as an administrator and therapist of a county mental health program. During his career, he had been involved with three to four hundred victims of child sexual abuse. As the district judge properly noted, this experience gave the expert information not within the common knowledge of lay persons.

*Lawrence*, 112 Idaho at 154, 730 P.2d at 1074.

The Supreme Court also addressed this issue in *Ransom*. In holding that expert testimony explaining the behavioral patterns of child sexual abuse was properly admitted, the Court stated:

It is not unlikely that, absent expert assistance, jurors might mistake such behavior reactions for inaccuracy or fabrication. Hopefully, knowledge of common characteristics of sexually abused children gained from behavioral science research very well may aid a jury in weighing the testimony and determining the credibility of the alleged victim.

Where, however, experts are allowed to state opinions as to the witness's credibility, or to vouchsafe for the accuracy of a victim's spontaneous recollection, or inaccuracies thereof, such testimony might indeed usurp the jury's task of determining witness credibility. Testimony presented solely for jury education or clarification, however, does not impose upon a jury's factfinding function.

*Ransom*, 124 Idaho at 710, 864 P.2d at 156.

As in *Lawrence* and *Ransom*, Matthews attacked the victims' credibility by showing inconsistencies in their testimonies. The state offered Sorini as an expert in the field of child sexual abuse. The expert testimony was limited to explaining the behavioral patterns and characteristics, in general, of children sexually abused. Sorini never commented on whether she believed either of the victims in this case had been sexually abused. Sorini acknowledged that she had a fairly limited knowledge of the facts of the case and that she was there only to provide background information in the field of child sexual abuse.

In this case there is no showing that Sorini's testimony lacked a valid scientific basis

and that this infirmity could have been disclosed through proper objection or use of counter evidence at trial. Therefore, we hold that, as to the first three issues, Sorini's expert testimony would have been properly admitted because the issues were "beyond common experience" and were necessary for jury education and clarification of certain child sexual abuse behavioral patterns. Because the district court could have properly admitted this evidence, counsel was not deficient in failing to object to this testimony. As to Sorini's testimony regarding the difference in the ages of the victims and its effect on their testimonies, we are unpersuaded that this issue needed explanation from an expert. However, we are also are unpersuaded that Matthews was prejudiced by this testimony. Counsel thoroughly cross-examined Sorini concerning this issue. Further, Matthews has not shown there is a reasonable probability that, but for counsel's failure to properly object to this testimony the result of the proceeding would have been different. Accordingly, the district court did not err in summarily dismissing this claim for relief.

### 3. Counsel's failure to request a limiting instruction

■■■ Matthews claims counsel was deficient because he failed to request a limiting instruction be given to the jury at the beginning of A.A.'s testimony. Matthews also claims counsel was deficient in failing to object to the limiting instruction that was later given by the district court during A.A.'s testimony. At trial, the district court and counsel had the following exchange:

COURT: I will warn the jury that the— and I will give them a limiting instruction that indicates that that testimony cannot be used to prove the character of a person in order to show that he acted in conformity with that alleged character and that that can't be done.

I will do that unless defense counsel indicates that they would prefer not to do it because they feel that that would just highlight it.

COUNSEL: I would prefer that the Court not do that in this particular case if the Court is going to allow that in.

COURT: I've given you that opportunity to have that limiting instruction to the jury at the time that it comes in. I will tell the jury that it can only come in for the purpose of proving intent and no other purpose, because I think that that is important that the jury know that, and I will give that limiting instruction.

Subsequently, during recross of A.A., the district court explained to the jury that the testimony was being admitted for a limited purpose.

Tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Yon v. State*, 124 Idaho 821, 823, 864 P.2d 659, 661 (Ct.App.1993). Matthews has not demonstrated that counsel's decision not to request a limiting instruction prior to A.A.'s testimony was based on inadequate preparation, ignorance of relevant law or other shortcoming capable of objective evaluation. Thus, counsel's tactical decision not to highlight A.A.'s testimony will not be second-guessed.

In regards to the timeliness of the instruction, Matthews claims that although a proper limiting instruction was given to the jury in the final instructions, "by then the damage was already done." This Court recently held that where a proper limiting instruction was given to the jury in the final instructions, failure of the district court to give an instruction contemporaneously with the admitted evidence was not error. *State v. Dopp*, 129 Idaho 597, ——, 930 P.2d 1039, 1046 (Ct.App. 1996). In this case, it is undisputed that a proper limiting instruction concerning A.A.'s testimony was given to the jury in the final instructions. Matthews has failed to show how he was prejudiced by said timing. Accordingly, the district court did not err in summarily dismissing Matthews' claim.

### 4. Recantation of A.A.'s bad acts allegations

■■ Matthews claims counsel was deficient because counsel was a witness when A.A. allegedly recanted her bad acts allegations in his counsel's office, but did not testi-

fy for Matthews or disqualify himself as counsel. Matthews also claims counsel was deficient because he neither tape recorded the alleged recantation nor had A.A. sign a sworn statement recanting her earlier allegations against Matthews.

During counsel's cross-examination of A.A., the district court excused the jury and spoke with counsel about his involvement with the case and the possibility of him becoming a witness. Counsel responded:

> I know it would be a problem if I had sat down and had this conversation with [A.A.] alone. I would feel that I would have to withdraw and be a witness. However, I think since there were two other people present, I wasn't intending on doing that.

The two individuals who were present with counsel in his office when A.A. allegedly recanted her allegations against Matthews were Jackie Matthews and Danielle Day. Both Jackie and Danielle, called by Matthews' counsel, testified regarding A.A.'s statements in counsel's office. Matthews has not demonstrated what additional evidence counsel would have testified to or how his testimony would have differed from Jackie's or Danielle's. Thus, there was no deficiency in counsel's tactical decision in this regard. We conclude that the district court did not err in summarily dismissing this claim for relief.

## III.

### CONCLUSION

We hold that the district court did not err in denying Matthews' motion for summary judgment based upon his claim that counsel was deficient in failing to object to Bledsoe's testimony. In addition, Matthews' allegation that the district court erred in dismissing his application based upon his other ineffective assistance of counsel claims also fails. The district court's order dismissing Matthews' application for post-conviction relief is affirmed.

WALTERS, C.J., and LANSING, J., concur.