**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42061**

| | | |
|---|---|---|
| TERRENCE JAMES MATTHEWS, | ) | 2015 Unpublished Opinion No. 600 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 27, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Molly J. Huskey, District Judge.

Order of the district court summarily dismissing third successive petition for post-conviction relief, <u>affirmed</u>.

Terrence James Matthews, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Terrence James Matthews appeals from the district court's order summarily dismissing his third successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Matthews was found guilty of lewd conduct with a minor and sexual abuse of a minor. Matthews filed a petition for post-conviction relief, which was summarily dismissed. He then filed a successive petition for post-conviction relief, which was also dismissed. Matthews appealed that dismissal, but this Court affirmed the district court's decision. *Matthews v. State*, 130 Idaho 39, 936 P.2d 682 (Ct. App. 1997). Matthews next filed a second successive petition in 2009, which was also summarily dismissed.

1

In 2013, Matthews filed the present petition for post-conviction relief, pro se, alleging a variety of claims. The district court appointed a public defender to represent Matthews. The court then issued a notice of intent to dismiss the petition, explaining that it was not timely and that Matthews had not provided evidence to support his successive petition. The public defender filed a notice of conflict, after which the district court appointed conflict counsel to represent Matthews. Matthews' conflict counsel filed an objection to the court's notice of intent to dismiss. The court then issued an amended notice, citing the same grounds for dismissal as in the initial notice of intent to dismiss, and gave Matthews thirty days to respond. Thirty-seven days later, Matthews' conflict counsel filed an amended objection to the court's notice. The district court entered an order dismissing Matthews' third successive petition for post-conviction relief, concluding that Matthews' claims in his petition were untimely and subject to summary dismissal. Matthews appeals.

## II.

## ANALYSIS

Matthews argues that the district court improperly dismissed his third successive petition for post-conviction relief. Specifically, Matthews claims that he is entitled to relief as a matter of law based upon the ineffective assistance of post-conviction counsel and his claims of actual innocence.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

The Uniform Post-Conviction Procedure Act states that "an application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902(a). Or, if an initial post-conviction action was timely filed, an inmate may file a

2

subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Such equitable tolling is appropriate in cases that implicate important due process concerns, provided the claims have been adequately supported by the facts and claims in the pleadings. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070.

Matthews' present post-conviction petition is premised upon twelve claims for relief. We need not address the bulk of those claims, as they were either raised in a prior petition or could have been previously raised.[1] *See* I.C. § 19-4908. However, he alleges two issues that warrant our consideration: the ineffective assistance of his 2009 post-conviction counsel and actual innocence based upon a 1997 polygraph examination. Because these claims were not filed within the one-year statutory limitation pursuant to I.C. § 19-4902(a), these claims are not timely. Therefore, we first determine whether there is sufficient reason to justify equitable tolling to allow Matthews to file his third successive petition outside of the one-year limitation period.

## A. Ineffective Assistance of Post-Conviction Counsel

Matthews contends that because his post-conviction counsel did not inform him of the dismissal of his second successive post-conviction petition, he was unable to file an appeal and is now prejudiced in his attempt to gain habeas corpus relief. Because this petition was filed more than one year after the dismissal became appealable, we first decide whether this claim constitutes a sufficient reason for equitable tolling of the one-year limitation.

There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). While Matthews' post-conviction petition was pending, the Idaho Supreme Court determined that ineffective assistance of post-conviction counsel is no longer sufficient grounds for filing a successive petition for relief. *Murphy v. State*, 156 Idaho 389, 391, 327 P.3d 365,

---

[1] Matthews included claims 1, 2, 3, 4, 6, and 8 in his 2009 petition. Claims 9 and 10 arise from the 2005 revocation of his parole and could have been raised in the 2009 petition. Claims 7 and 12 form the basis of his ineffective assistance of counsel claim; and claims 5 and 11 form the basis of his actual innocence claim.

367 (2014). Because there is no right, statutory or otherwise, to post-conviction counsel, there can be no deprivation of effective assistance of counsel. *Id.* at 394-95, 327 P.3d at 370-71. Therefore, a petitioner cannot establish sufficient reason for filing a successive petition based on ineffectiveness of prior post-conviction counsel. *Id.*

Matthews' claim of prejudice is premised on the performance of his post-conviction counsel. And, his claim of ineffective assistance comes in a third successive petition for post-conviction relief. In light of *Murphy*, Matthews simply cannot rely on claims of ineffective assistance of post-conviction counsel to establish sufficient reason to justify his successive petition. Therefore, we conclude that Matthews' claim of ineffective assistance of post-conviction counsel is without merit and does not constitute sufficient reason to justify equitable tolling.

**B.      Actual Innocence**

Matthews next contends that his claim of actual innocence is not subject to the procedural time limitation for his successive petition. Matthews cites *Schlup v. Delo*, 513 U.S. 298 (1995), arguing that successive petitions should be allowed where a constitutional violation has resulted in the conviction of one who is actually innocent. In *Schlup*, the United States Supreme Court stated that a procedurally-barred habeas corpus petition alleging a constitutional violation could be litigated if the petitioner provided new reliable evidence and could "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 322-27.

Matthews argues that his 1997 polygraph constitutes the new reliable evidence necessary to demonstrate his innocence. However, the Idaho Supreme Court has held that the exception set forth in *Schlup* is not applicable to state claims for post-conviction relief. *Fields v. State*, 151 Idaho 18, 22, 252 P.3d 692, 696 (2011). Further, Idaho has not established that an exception for actual innocence exists. *See Rhoades*, 148 Idaho at 253, 220 P.3d at 1072 (examining, hypothetically, that *even if* a prima facie case of actual innocence provided a sufficient reason to justify equitable tolling, the petitioner had not met that burden).

*Even if* actual innocence provided sufficient reason to justify equitable tolling, the facts alleged by Matthews do not establish a prima facie case for his claim of actual innocence. *See Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010) (holding that petitioner must present evidence making a prima facie case as to each essential element of the claim). Matthews

4

does not provide this Court with any reliable evidence as to the contents of the alleged exculpatory polygraph examination report for us to conclude that, more likely than not, no reasonable juror would have convicted him in light of that polygraph.

In his briefing, Matthews provides what appear to be excerpts from the polygraph examination report. It is unclear whether these excerpts were taken verbatim from the report or whether they are merely recitations taken from Matthews' memory. Matthews lists seventeen questions paired with his responses that were allegedly reflected in the polygraph examination report, but he first disclaims, "Don't have the pages available for real interesting information." The assertions of what is contained within the report are out-of-court statements offered by Matthews to substantiate his claim of innocence, and thus constitute inadmissible hearsay. *State v. Fodge*, 121 Idaho 192, 194-95, 824 P.2d 123, 126 (1992).

We need not search outside the record on appeal, as it is the responsibility of the appellant to provide a sufficient record to substantiate the claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). Matthews has not provided any admissible evidence to establish a prima facie case of actual innocence. Without admissible evidence to support his allegations, Matthews' petition is subject to dismissal. Therefore, we decline to address whether a claim of actual innocence warrants equitable tolling, and we conclude that this claim was properly dismissed as untimely.

## III.

## CONCLUSION

Because Matthews' petition was not timely and did not support a sufficient reason to justify its consideration, the district court did not err in summarily dismissing Matthews' petition for post-conviction relief. Thus, we affirm the district court's order summarily dismissing Matthews' third successive petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

5